PETER LYNCH, Respondent, *v.* JOHN KENNEDY, Appellant.

One who purchases a note from the payee, on the faith of a written statement by the maker that it is business paper, can recover against the latter, though the statement turns out to be untrue.

ACTION on a promissory note for $2,000, made by the defendant, on the 18th of September, 1857, payable to Patrick Hogarty, and indorsed by him. The cause was tried before Judge HILTON and a jury, in the New York Common Pleas. The plaintiff recovered, and the judgment was affirmed at the General Term, on appeal.

The answer denied the principal allegations in the complaint, and alleged, as a defense, that the note was made for the accommodation of Hogarty, the payee; that Hogarty transferred it to James Lynch, a brother of the plaintiff, at the same time transferring to him a large amount of property; and that Lynch appropriated enough of the proceeds to pay the note, and then passed it without consideration to the plaintiff, to be recovered for his benefit.

It was proved, on the part of the plaintiff, that he purchased the note before maturity, giving his check to Hogarty for the amount; that Hogarty indorsed and delivered the check to James Lynch; that the check was paid; that he purchased it on the faith of the representation of the payee, and the written certificate of Kennedy, the maker, that it was a business note; that there was no connection between him and his brother with regard to it; and that he was not aware of his brother's holding any property of Hogarty.

The defendant failed to prove the defense alleged in the answer, or to impeach the good faith of the plaintiff in making the purchase.

The questions for review arise on an exception to the judge's ruling that the plaintiff held the affirmative on the pleadings, and exceptions to the exclusion of evidence and the direction of a verdict for the plaintiff.

*John Graham*, for the appellant.

*John E. Burrill*, for the respondent.

PORTER, J. The judge properly held that, as the material allegations in the complaint were denied in the answer, the addition of a special defense did not entitle the defendant to open the case to the jury.

It was affirmatively proved that the plaintiff was a *bona fide* holder of the note, and that he purchased it on the faith of the defendant's written statement that it was business paper and that it would be paid at maturity. It was immaterial, therefore, whether any defense existed between the original parties; and evidence tending to establish such a defense was properly rejected. The proof was not such as to warrant the judge in assuming that James Lynch was the agent of the plaintiff, and the conversations between him and the defendant were, therefore, inadmissible. The motive of the defendant in making the written statement on which the plaintiff acted was immaterial to the issue. It is quite evident that, if all the rejected evidence had been admitted, it could not have affected the result.

The judge was right in directing a verdict for the plaintiff. The proof raised no question for the jury, and no request was made to submit to them any specific issue of fact. (*Barnes* v. *Perine*, 2 Kern., 18; *Plumb* v. *Cattaraugus Ins. Co.*, 18 N. Y., 392; *Grazer* v. *Stellwagen*, 25 id., 316.)

The plaintiff was a purchaser in good faith, and he was clearly entitled to recover. (*James* v. *Chalmers*, 2 Seld., 209; *Steinhart* v. *Boker*, 34 Barb., 436; *Murray* v. *Lardner*, 2 Wall. U. S., 110.)

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.