DE WITT C. GRAHAM and others, Executors of DAVID GRAHAM, *v.* PETER CHRYSTAL.

It is not competent to prove the contents of lost documents by the testimony of a witness who only "*thinks* that he can, *perhaps*, state the substance" of them.

To impeach a witness, testimony as to his character eight or ten years previous to the trial is competent, though there has been no knowledge of his character by the impeaching witness since. The presumption of continued bad character, thus raised, must be met by testimony tending to establish the fact of a change of character.

Whilst, ordinarily, interest will be allowed by the court upon an account, only from the time of notice to the debtor of the claim, and demand of payment, this rule will not be applied in the case of a debtor who has absented himself from the State without calling for the account, and who thereby prevents any demand being made upon him. In such case, interest will be allowed from the time of the latest transaction or service.

Where exception is taken generally "to each and every conclusion of law contained in the referee's report," the court will not give effect to a particular exception made upon the argument before it, to some one conclusion of law in such report. To avail himself of the error of the referee, if there be such error, upon the one point, the party should except to such erroneous conclusion specifically, in order that the opposing party, by being advised of the exception specified, may make or offer such tender or concessions, as the admission of the error would render proper or necessary.

THE action was brought by the executors of the late David Graham, to recover for professional services rendered by him for the defendant, between October, 1845, and June, 1850. The referee found that the services were rendered both as attorney and counselor, and that the defendant had promised to pay him in a most liberal manner, and that such services were reasonably worth the sum of one thousand two hundred and fifty dollars, of which sum only two hundred and fifty dollars had been paid, leaving due the sum of one thousand dollars and interest, but inasmuch as the plaintiffs had in their complaint only claimed to recover eight hundred and fifty dollars and interest, he ordered judgment for the latter sum. The statute of limitations was interposed as a defense in this action, but was abandoned on the trial, it being con-

clusively established that the defendant had been for the greater part of time intervening between the rendering of the services and the commencement of this action, absent from the State. The value of the services was abundantly proved, not only by men eminent in the profession, but by those who were familiar and engaged in the very criminal proceedings instituted and carried on against the defendant. The principal contest on the trial was on the question of payment, the defendant contending and giving some evidence tending to show that the two hundred and fifty dollars paid, had been received by Mr. Graham in his life-time, in full satisfaction and extinguishment of his claim for the services rendered. In the progress of the trial, the defendant, who was examined in his own behalf, testified that he had received from Mr. Graham certain letters relating to moneyed transactions, and that he had looked among his papers and could not find them. When asked whether he could state the contents of them he answered " No, I could not state the precise words, but *think* I could give the substance, *perhaps.*" When asked by his counsel to state the substance, objection was made and sustained, and exceptions taken. 'The writer of the letters had been dead for many years at the time of the trial, and the action was by his executors, and it is in my mind very doubtful whether the defendant, testifying in his own behalf, even if the preliminary proof of loss had been made out to the satisfaction of the referee, should have been permitted to give the substance of a written any more than that of a verbal communication to him. In either case the testator could not be present to contradict, to vary or explain. But the referee was not satisfied with the evidence of the loss of the letters, and of the sufficiency of this evidence he was to determine. (*Jackson* v. *Trier*, 16 Johns., 193.) But it was eminently right that the objection should be sustained on the ground, apparent from the answer of the defendant, that his recollection was too vague and shadowy. He thought that he might perhaps state the substance. It would hardly be safe to allow the contents of a lost written instrument to be proved by such a witness. I think the

objection was well taken. The defendant called two witnesses, Litter and Porter, whom the plaintiffs sought to impeach. The impeaching witnesses had known these men, Litter and Porter, in former years, and testified that their characters were bad, and, though they knew nothing of them for eight or ten years prior to the trial, were allowed further to testify that they would not believe them under oath. The ruling was right and the evidence properly admitted. If not the most satisfactory, it was still competent. (*Sleeper* v. *Van Middleworth*, 4 Denio, 431.) In that case the inquiry was as to reputation four years previous, and it was truly said that no certain limit in point of duration could be laid down for such inquiries. If it is shown by the impeaching party that the character of the witness at a former period of his life has been bad, and thus a presumption is raised that it had continued, it is in the power of the party thus sought to be impeached, to show, as he did by witnesses in this case, that his present character is good, and thus repel the presumption.

The defendant now contends that interest should only be allowed from the commencement of the suit, whereas the referee allowed interest from June, 1850, the time when the last professional services were rendered. On principle, there is no good reason why interest should not be allowed as claimed by plaintiff and found by referee. When the services were rendered they were worth the sum which the referee found as their value, and such sum was then due, and if not paid by reason of the inability or unwillingness to pay on the part of the defendant, and such payment was deferred or delayed for several years, then full compensation or payment is only made when interest is added to such principal sum. But this case falls within the exception to the general rule as determined in *McMahon* v. *The New York and Erie R. R.* (20 N. Y., 463). The defendant, before the services were ended, and while the criminal proceedings were pending, left the State and remained out of it, and his residence was unknown to the testator. He took no steps to ascertain his indebtedness, and gave no opportunity for a claim to be

made or presented to him. He was clearly himself in default, and cannot now complain that he is compelled to pay interest. Besides, there is no special exception to the allowance of interest. The exception is general to all the findings both of law and fact except as to some enumerated ones. As was said in *McMahon* v. *New York and Erie R. R.* (*supra*), the · exception, to be of avail, should have pointed out the precise objections, so that the plaintiffs might have had their election to remit the excess of interest.

There are no other exceptions that require any attention. The whole case shows that the defendant was probably saved from a long and disgraceful imprisonment by the great professional skill and perseverance of the testator in his defense, and the value of the services being abundantly proved, and found by the referee, and there being no exceptions on the trial well taken, this judgment should be affirmed.

*Carpentier & Beach*, for the appellants.

*J. E. Burrill*, for the respondent.

WRIGHT, J. The action was by the executors of David Graham, · an attorney and counselor at law, to recover for professional services rendered for the defendant by their testator at various times, between October, 1845, and June, 1850, in and about defending him in two criminal prosecutions. The payment of $250 to the testator in his life-time, on account of such services, was admitted in the complaint, and judgment demanded for $850, with interest from the 1st June, 1850. The referee found that the services were rendered, and were reasonably worth the sum of $1,250, from which the sum of $250 should be deducted as having been paid on account. His legal conclusions were that the plaintiffs were entitled to recover the sum of $1,000 and interest, but inasmuch as they had by their summons and complaint only demanded judgment for $850 and interest from 1st June, 1850, they should be limited in their recovery to the sum so demanded, and were, therefore, only entitled to recover judgment for $850, and the interest on

that sum from 1st June, 1850, being $785.88, amounting in the whole to $1,685.88. The defendant excepted generally, "to each and every conclusion of law contained in the referee's report."

The allowance of interest on the amount of the recovery from 1st June, 1850, is now insisted on as a ground of error. Usually, interest is not recoverable when the claim is unliquidated and no bill furnished or demand made before suit brought. In this case, however, my brethren are of the opinion that the allowance was right. About the 1st June, 1850, the defendant left the State unknown to the plaintiffs' testator, and continued absent in some of the Southern States or California until 1860. He left without inquiry as to the amount of the claim against him. No bill could be furnished or demand of payment made in his absence, for the testator and his representatives were ignorant of his location, he having no permanent one. In 1860, when he returned to the State, and the fact came to the knowledge of the plaintiffs that he was again in the city of New York, they forthwith demanded payment of the claim, which was refused on the ground that he had paid the testator in full for the services. The tendency of recent decisions is to relax the rigid rules that once prevailed in respect to awarding interest. Had a demand of payment been made, in this case, upon the full rendition of the services, the right to interest would have been in no way doubtful; but the defendant fled the State about that time, wandering about in other States without any fixed abode, rendering a demand impossible. Under these circumstances, the allowance of interest on the claim is but just. But, apart from this, in my opinion, the defendant is not in a position to avail himself of the error, if it be an error to have allowed interest, for the want of a proper exception. The exceptions taken, it will be observed, are in the most general form. It is conceded that interest was allowable from the time of the demand, which preceded the suit, in 1860. The exception should have been made specific if the defendant intended to object to the time for which it was allowed. It should

have stated from what time interest should have been computed, so as to have given the plaintiffs an opportunity of remitting the excess, and thus avoid the consequence of the error. But nothing of this kind was done, the defendant contenting himself with a general exception to the referee's conclusions of law that the plaintiffs were entitled to recover a gross sum, composed of principal and interest, from a stated period.

The other exceptions relate to the admission or rejection of evidence. I have examined them carefully, and have reached the conclusion that none are tenable.

The judgment should be affirmed.

All concur.

Affirmed.