ADOLPH HEILBRUN, RESPONDENT, *v.* EDWARD A. HAMMOND, IMPLEADED WITH AMANDA A. RACEY AND OTHERS, APPELLANT.

*Recording acts — assignment — latent defect in acknowledgment — effect of —Discharge of mortgage by mortgagee, after assignment of.*

In March, 1873, one R. was the owner of premises subject to a mortgage for $8,000 held by one Aymar. R. desiring to raise more money, a mortgage for $7,000 was executed to one Pardee, dated March 25, 1873, and recorded April 4, 1873, but Pardee having refused to make the loan the plaintiff agreed to advance the money and took an assignment of the mortgage from Pardee, dated April 16, 1873, and recorded April 17, 1873. The acknowledgment to this assignment, though regular upon its face was, in fact, taken by a notary public of New York county out of his county, to wit, in the State of New Jersey, Subsequently Aymar desiring to have his money a search was made by the Seaman's Savings Bank, which had agreed to furnish the money, and the Pardee mort-

gage discovered; thereafter by an arrangement between Pardee and R. the former executed a satisfaction-piece of the mortgage and an entry was made by the Register to the effect that the same was discharged of record; the assignment to the plaintiff being then on record. Subsequently another mortgage was given upon the premises and the same was thereafter assigned to defendant H. In an action to foreclose plaintiff's mortgage it was claimed that the acknowledgment to the assignment from Pardee to plaintiff was void and its record was not notice to subsequent mortgagees.

*Held,* that the plaintiff having acquired title to the mortgage which was recorded, and the assignment and certificate of acknowledgment being in due form and recorded, notice was thereby given to all subsequent purchasers or mortgagees that he was the owner thereof, and his rights were not affected by the discharge of the mortgage by the Register;

That the recording of the assignment to plaintiff, as a *notice to subsequent mortgagees,* was not invalidated by proof that the acknowledgment was taken in New Jersey by a notary public of New York county, when his certificate was in due form and purported to have been taken in New York.

APPEAL by the defendant Hammond from a judgment in the above action, entered after a trial by the court without a jury.

The action was brought to foreclose a mortgage.

*James O. Hoyt,* for the appellant. The recording of a mortgage is notice to all the world that such an incumbrance exists. The discharge of the record must be an official destruction of such notice. (*Frost* v. *Beekman,* 1 Johns. Ch., 288; *Peck* v. *Mallams,* 10 N. Y., 519, 520.) The respondent had a right to rely upon the records. (*Van Keuren* v. *Corkins,* 66 N. Y., 77.) Even if the record of an assignment of a mortgage be notice to one dealing subsequently with the equity of redemption the record of respondent's assignment was not notice to the appellant since it was not entitled to record. This rests upon the principle that a conveyance not entitled to be recorded, though written upon the record, is no notice of such conveyance. (*Herman* v. *Cameron,* 24 Wend., 89; *Johnson* v. *Humphrey,* 1 Johns. R., 498; *Jackson* v. *Shoemaker,* 4 id., 161; *Jackson* v. *Perkins,* 2 Wend., 137.) The whole current of authorities of text writers and of adjudged cases upon this point runs in one direction, holding that the record of instruments not entitled to record is of no force or value and notice to no one. (2 Sugden on Vendors [14th ed.], 540; 4 Kent Com. [12th ed.], 174; *Frost* v. *Beekman,* 1 Johns. Ch., 300; *Peck* v. *Mallams,* 10

N. Y., 518–520; *Carter* v. *Champion,* 8 Conn., 550; *Johnson* v. *Slater,* 11 Gratt., 321; Virginia Code, p. 897, § 5, and p. 904, § 2; *De Witt* v. *Moulton,* 17 Maine, 418; *Brown* v. *Lunt,* 37 id., 427; *Newman* v. *Smales,* 17 Iowa, 528; *John* v. *Richardson,* 3 Md. Ch. Dec., 57; *St. John* v. *Conger,* 40 Ill., 535; *Jackson ex dem. Wyckoff* v. *Humphrey,* 1 Johns. R., 498.)

*Estes & Barnard,* for the respondent. The assignment and certificate of acknowledgment being in due form, and the acknowledgment appearing on its face to have been duly taken in the city and county of New York before a proper officer, the presumption of law is that it was actually taken within said city and county and it was receivable as evidence of its own genuineness, and the plaintiff had a right to rely on the legal presumption that the acknowledgment was taken within the city and county of New York. (*The People* v. *Snyder,* 41 N. Y., 397, 402; *Thurman* v. *Cameron,* 24 Wend., 87; *Morris* v. *Wadsworth,* 17 id., 113.) The assignment being on record before the execution of the satisfaction-piece by Pardee the plaintiff's lien and rights could not be, and were not, affected by such satisfaction-piece. (*Belden* v. *Meeker,* 47 N. Y., 307, 312; *Vanderkemp* v. *Shelton,* 11 Paige, 28; *Ely* v. *Scofield,* 35 Barb., 330; *St. Johns* v. *Spaulding,* 1 N. Y. Sup. Ct. [T. & C.], 483.) Pardee having no right to execute a satisfaction of the mortgage the plaintiff had a right to treat the mortgage as a valid and subsisting security, notwithstanding the fraudulent satisfaction which had been entered of record; and this right is enforceable not only against the mortgagors but against the defendant Hammond, even if he advanced his funds on the faith of the supposed satisfaction. (*The Farmer's Loan and T. Co.* v. *Walworth,* 1 N. Y., 433, 443; *Gillig* v. *Maas,* 28 id., 210; *Swarthout* v. *Curtis,* 5 id., 301.) Where the discharge of a mortgage has been obtained by fraud equity may treat the discharge as a nullity. (Washburn on Real Prop., 562; *Barnes* v. *Cormack,* 1 Barb., 392.) And the cancellation of the mortgage may be declared void where it is made in violation of the rights of third persons. (1 Hilliard on Mortgages, 335; *Bruce* v. *Bonney,* 12 Gray, 113; *Briggs* v. *Davis,* 20 N. Y., 15; *Swarthout* v. *Curtis,* 5 id., 301.) It was unnecessary for plaintiff to record his assignment except to protect himself against a

subsequent assignee of the same mortgage from Pardee. It is not necessary for a person to record an assignment of a mortgage in order to protect himself against a subsequent conveyance or mortgage from the owner of the premises. (*Greene* v. *Warnick*, 64 N. Y., 220, 226, 227; *Raynor* v. *Wilson*, 6 Hill, 469; *Gillig* v. *Maas*, 28 N. Y., 208, 211; *N. Y. L. Ins. Co.* v. *Smith*, 2 Barb. Ch., 82; *Power* v. *Lester*, 23 N. Y., 531.) A subsequent purchaser in good faith in the recording act means, as to this case, a subsequent purchaser of the mortgage assigned, not a purchaser or mortgagee of the premises. And an omission to record an assignment does not affect its priority, and subsequent purchaser or mortgagees of the premises are bound by a prior recorded mortgage, no matter who holds it. (*Campbell* v. *Veder*, 1 Abb. Ct. App. Dec., 295; *Purdy* v. *Huntington*, 42 N. Y., 334.)

INGALLS, J.:

This appeal presents a question of considerable practical importance, and not free from difficulty. So much has been decided in regard to the recording acts and so much discussion indulged not strictly essential to the disposition of the particular case, that it is difficult to discover what is really settled by the decisions. The facts of this case which bear upon the question involved in this controversy are substantially as follows: Amanda A. Racey, in March, 1873, was the owner of premises described as No. 20 West Thirteenth street, in the city of New York, which were subject to a mortgage for $8,000, held by one Augustus Aymar. For the purpose of raising an additional sum of money, Mrs. Racey joined with her husband, Joseph H. Racey, in executing a second mortgage upon the same premises for $7,000, to Denis S. Pardee, dated March 25, 1873, which was recorded in the register's office of said city, April 4, 1873. A bond accompanied the mortgage. Pardee, for some reason, declined the loan, and the plaintiff advanced the money and took an assignment of the bond and mortgage from Pardee, which was executed by him April 16, 1873, and recorded in said register's office April 17, 1873. Augustus Aymar required the payment of the money upon his bond and mortgage, and the Raceys applied to the Seaman's Bank of Savings to loan the money to pay Aymar. Upon searching the record the plaintiff's mortgage was discovered,

and by an arrangement between Pardee and the Raceys the former was induced to, and did, execute a discharge of plaintiff's mortgage, which was recorded in the register's office and an entry made by the register to the effect that such mortgage was discharged upon the record. The Seaman's Bank of Savings thereupon made the loan, accepted and recorded the mortgage, and the money thus loaned was applied to the payment of the Aymar mortgage, which was discharged of record. Subsequently, the Raceys executed another mortgage, upon the same premises, to secure a loan of $5,000 to Edward B. Terrell, which was recorded June 15, 1874, which was assigned by said Terrell to Edward A. Hammond, one of the defendants in this action. The plaintiff advanced his money in good faith, relying upon the bond and mortgage and the assignment thereof by Pardee. The mortgage and assignment were both recorded in due form, so upon the face of the record the plaintiff appeared to be the owner of the mortgage. The Revised Statutes (vol. 1, p. 707, § 1 [Edm. ed.]) provides, that "Every conveyance of real estate, within this State, hereafter made, shall be recorded in the office of the clerk of the county where such real estate shall be situated, and every such conveyance not so recorded shall be void as against subsequent purchasers, in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded." This and the subsequent sections of the same chapter apply to mortgages and assignments thereof.

The assignment from Pardee to the plaintiff is assailed upon the ground, that it was acknowledged by Pardee in the State of New Jersey, and therefore the certificate of the notary public of New York, although regular upon its face, was void, and the registry of the assignment was also void. George W. Vulter, the notary public who took the acknowledgment of Pardee to the assignment, testified that he first took it in New Jersey, and, upon his attention being called to its irregularity he took another acknowledgment in New York. The court, for some reason, gave no effect to the testimony in regard to the second acknowledgment, and disposed of the case regardless of it.

It is therefore proper for this court in reviewing the decision, to follow the same course in respect to such evidence. Vulter was, at the time he took the acknowledgment of the assignment from

Pardee to plaintiff, a notary public of the city and county of New York; and the records of the register's office showed that fact. The certificate of acknowledgment was in due form, and so far as the assignment and its execution indicated, upon the face of the paper, it was entitled to be recorded. The record was perfect; showing the plaintiff to be the owner of the mortgage; and this was consistent with the fact, as the plaintiff had advanced his money upon the faith of the security. The assignment, so far as it operated to transfer the title of the bond and mortgage, was effectual without an acknowledgment. Indeed, the transfer could be supported without even a written assignment. Therefore the question involved is only one *of notice* to a subsequent mortgagee, or rather, to an assignee of a subsequent mortgage. The record, fully examined, disclosed the assignment to plaintiff in due form, properly recorded, and notified the inquirer that the plaintiff had become the owner of the bond and mortgage prior to the discharge thereof by the register, and that the plaintiff was the proper person to be applied to for information in reference thereto. So it will be perceived, *that as notice* in regard to the ownership of such mortgage, it was as perfect in all respects as if the acknowledgment had been taken in New York, as the certificate indicated. It is insisted by the appellant that the plaintiff's mortgage was discharged by Pardee, and the record showed that fact, and therefore Hammond was protected. The soundness of this proposition depends upon whether under all the facts proved, Pardee had any authority to execute such discharge, and thereby affect the rights of the plaintiff, and whether the evidence of such want of authority was not furnished by the records in the register's office, to a party who exercised the degree of care in making his investigations which the law requires. We are of the opinion that the record was ample notice; and when Mr. Hammond contented himself with merely ascertaining the fact that the plaintiff's mortgage had been discharged upon the record, without proceeding further in the search to ascertain whether the record disclosed an assignment of the mortgage, he acted at his peril; and the consequences of such want of prudence and care should be borne by himself and not transferred to the plaintiff, who seems to have omitted no duty on his part. It cannot be insisted that the plaintiff is chargeable with carelessness in regard to the

manner Vulter, the notary public, discharged his duty, because the plaintiff had a right to assume that he acted properly and in accordance with the certificate.

It would be unjust, and in my judgment unsound, to hold that a register upon the bare presentation to him of a discharge executed and acknowledged by a mortgagee, can discharge such mortgage of record, and thereby deprive an assignee thereof of his lien, when, at the time, his assignment is on record, executed and acknowledged in due form.

So far as the question of notice is involved — and it seems to me that is the vital question — we cannot think it competent to controvert the record by showing that the notary public exceeded his authority in taking the acknowledgment, so long as it did not appear by the record which he made and was not an act which was intended to, or did in fact at the time affect Mr. Hammond or the actual title of the plaintiff to the bond and mortgage. A contrary rule would be disastrous in its effect, so far as the reliability of the public records is concerned; all confidence in their disclosures would be destroyed.

There is a class of cases to which our attention has been directed, of which *Frost* v. *Beekman* (1 Johns. Ch., 288) is an example, where a mortgage was executed for $3,000, but, by mistake, the clerk recorded it $300. The court held, that under the circumstances of that case it could only be regarded a mortgage for the latter sum. That decision was placed upon the express ground that *as notice* to a subsequent purchaser, or mortgagee, it disclosed upon the record a mortgage for only $300; that the mortgagee having trusted the clerk he must look to him for indemnity in case of loss. The mortgagee, in that case, had the original mortgage, by which he could have proved the accuracy of the record by comparing such original paper with the record, but he chose to depend upon the clerk; and as between himself and a *bona fide* purchaser or mortgagee who had not possession of the original paper, and therefore had no opportunity of making such comparison, but was compelled to rely upon the disclosure of the record, the latter should be protected. This case sustains the views which we have advanced upon the question of notice derived from an examination of the records.

The case of *Vankeuren* v. *Corkins* (66 N. Y., 77) does not affect

the question which we are considering in this case. In that case a mortgagor made payments upon his mortgage without notice or knowledge that it had been assigned, and the court held that the recording act did not apply to that case; which appears very clearly by referring to the Revised Statutes (vol. 1, p. 715, § 41 [Edm. ed.]), which provides, that "the recording of an assignment of a mortgage shall not be deemed, in itself, notice of such assignment to a mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them, or either of them to the mortgagee."

The case of *Greene* v. *Warnick* (64 N. Y., 220) was decided upon a question entirely different from that involved. in this case. The question there decided is simply, that when two mortgages are executed at the same time, neither to have priority, the fact that one was placed upon record fifteen minutes before the other, did not have the effect to give to an assignee of the mortgage first recorded a preference under the recording act, because the assignee, under such a state of facts, could not be regarded a subsequent purchaser within the meaning of the act.

It would be an endless task to discuss the numerous cases which have been decided bearing upon the recording act. We conclude:

First. That the discharge of the plaintiff's mortgage, by the clerk, did not affect his rights.

Second. That the plaintiff having acquired title to the mortgage, which was recorded, and the assignment and certificate of acknowledgment being in due form and recorded, notice was thereby given to all subsequent purchasers or mortgagees, that the plaintiff had become, and was, the owner of such mortgage, and his rights were not affected by the discharge of the mortgage by the register. (*Belden* v. *Meeker*, 47 N. Y., 308; *Ely* v. *Scofield*, 35 Barb., 330.)

Third. That the recording of 'the assignment to plaintiff, as a *notice to subsequent mortgagees*, was not invalidated by proof that the acknowledgment was taken in New Jersey by a notary public of New York, when his certificate was in due form, purporting to have been taken in New York, the plaintiff having taken such assignment in good faith and based upon a sound and adequate consideration.

The appellant further insists, that the plaintiff could not recover because the transaction was tainted with usury; and in no event

beyond the amount which he actually paid for the mortgage, as it had no inception previous to his purchase. The court decided correctly that the affidavit made by Alexander A. Racey, and which accompanied the bond and mortgage, and upon which the plaintiff relied, precluded the defense of usury and entitled the plaintiff to recover the whole amount secured by such bond and mortgage. (*Mason* v. *Anthony*, 3 Keyes, 609; *Lynch* v. *Kennedy*, 34 N. Y., 151; *Payne* v. *Burnham*, 62 id., 69.) Upon the question whether the recovery should only have been for the sum actually paid by the plaintiff, we think the entire amount was properly allowed.

The question does not seem to be presented in such form as to call for a review. The appellant asked the court to find as conclusions of law, as follows: " First. That the bond and mortgage are usurious and void. If not void, they are security only for the amount paid therefor at the inception thereof, at the time of said alleged assignment." The court refused to so find, and a general exception was taken to such refusal. The refusal was clearly sound in regard to the question of usury, and therefore the exception became unavailing to the appellant. When a request to find embraces two propositions, one of which the party is not entitled to, a general exception to such refusal to find the entire proposition is insufficient. (*Graham* v. *Chrystal*, 2 Keyes, 21.)

. The circumstances of this case are not such, as in my judgment, call for the application of the rule invoked by the appellant. Mrs. Racey, the owner of the premises, did not appear in the action, nor does she ask this relief. Again, we perceive that the appellant Hammond was careful to provide himself with a similar shield, in the form of an affidavit, when he took the assignment of the Terrell mortgage, under which he claims; hence, this equitable principle is not claimed by the owner of the premises but by a party who purchased a security in the market.

We conclude that the decision of the Special Term was correct, and should be affirmed with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.