SAMUEL G. CRAIG, as Administrator of Luke Craig, Deceased, Respondent, *against* THE MANHATTAN RAILWAY COMPANY, Appellant.

(Decided June 1st, 1885).

In an action against an elevated railway company for causing the death of plaintiff's intestate, it appeared that deceased, while in the employment of defendant, had occasion to cross the track by a footway from which a flight of steps provided by defendant for the use of its employés, led to the station platform; and, while he was on the steps, he was struck by one of defendant's engines and killed. It was at a time of night, when no regular trains were run upon the road. There was evidence that, before the accident, one of the steps was in an unsafe condition, that defendant's attention was called to the fact, and that it failed to make them safe. When deceased was found after the accident, he had in his hand a piece of the defective step, and the lower part of the flight of steps had been carried away. No one was on the station platform, and the engineer of defendant's locomotive, the only witness of the occurrence, testified that all he saw was an object coming out between the station platform and the structure; he could not tell what it was. *Held*, that, in view of all the circumstances, it was for the jury to determine whether the deceased was chargeable with contributory negligence; and their finding that he was not should not be disturbed upon appeal.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Edward S. Rappallo* and *Howard Townsend*, for appellant.

*P. & D. Mitchell*, for respondent.

ALLEN, J.—In this action the jury rendered a verdict in favor of the plaintiff, on which judgment was entered. A motion to set aside 'the verdict and for a new trial was made, upon the exceptions taken and upon the ground that the verdict was excessive and contrary to law and contrary to the evidence.

The motion was denied, and an appeal was taken by the defendant from the judgment and from the order denying the motion.

The action was brought by the plaintiff, as administrator of Luke Craig, deceased, to recover damages for causing the death of the plaintiff's intestate.

Luke Craig, the intestate, was in the employ of the defendant as extra porter on the Second avenue line of the defendant's road. The duties consisted in cleaning about the stations and carrying messages from one station to another. On the 29th of August, 1882, he was at the 86th street station on Second avenue. It does not clearly appear in the case why the deceased was present at this station on the night of the accident. The witness, Ensley, testifies that he was the messenger used for carrying messages of the despatcher, and says : " I think that was what he was engaged in at the time he met with this accident." It appears that, for some purpose not definitely known, he had occasion to use the pathway leading from one station to the other. There is a step-ladder or flight of steps leading down from the station platform to the tracks, for the use of the employés, at each end of the pathway or bridge, from station to station. These steps consisted of two stringers, and two steps grooved and nailed into them. The steps were about a foot apart. There is evidence to show that, before the accident, one of these steps had no hold in the groove, was only held by a nail in one end, and was in an

unsafe condition. When Craig was upon this flight of steps he was struck by an engine and instantly killed.

It is contended by the defendant that the court erred in denying its motion to dismiss the complaint, made at the close of the plaintiff's case, on the ground that no facts appeared from which the absence of contributory negligence on the part of the plaintiff's intestate could be inferred.

Whether or not the steps were in a defective condition, and whether or not the accident was caused by the unsafe condition of the steps, were questions for the jury. There is abundant evidence in the case tending to show that the steps were in a dangerous condition, and that the attention of the defendant was called to the fact, and that it failed to make them safe. It is true that it is the duty of the plaintiff to prove that the deceased did not contribute to the injury by any negligence on his part. It constitutes a part of his case; and it must appear, either from the circumstances of the case or from the evidence, that the deceased was free from any fault contributing to the injury.

Dowler, the engineer, was the only witness of the occurrence. All he saw, according to his testimony, was an object coming out between the station platform and the structure; he could not tell what it was. It seemed to be on hands and knees. The evidence also shows that it was about nine o'clock at night, and dark, when the deceased was struck, and that there was no one upon the platform. When the deceased was found, after the accident, he had in his hand a piece of the defective step. The lower part of the ladder or pair of steps was carried away, while the upper stringer remained. It will be seen that there is no evidence directly establishing the fact that the deceased was free from fault which contributed to the accident. The question, therefore, arises whether, from the circumstances attending the injury, the jury were authorized to find affirmatively that the deceased was free from contributory negligence. "When a person has been killed at a railroad crossing, and there are no witnesses of the accident, the circumstances must be such as to show that the deceased exercised proper

care for his own safety. When the circumstances point just as much to the negligence of the deceased as to its absence, or point in either direction, a recovery cannot be had" (*Cordels* v. *New York Central & Hudson River R. R. Co.*, 75 N. Y. 330).

The circumstances of this case, to some extent at least, point to the absence of negligence on the part of the deceased, and were sufficient to carry the case to the jury. The deceased was, without doubt, using the steps at the time of the accident. He had the lawful right to be upon the steps, and his being there was not contributory negligence. The fact that he was found with a piece of the defective step in his hand would indicate that the accident was caused by the giving way of the unsecured step.

It appeared that no regular trains were run upon the road at this time of the night, and he was, therefore, charged with no care respecting them. In *Dobiecki* v. *Sharp* (88 N. Y. 206, MILLER), J., said that, in view of the finding of the jury, the testimony upon the question whether the deceased had crossed the track or not was entitled to the most favorable construction for the plaintiff, that the deceased being upon the platform, it was not to be assumed that he had placed himself in a dangerous condition.

The cases cited by the defendant's counsel do not sustain the position that the defendant is not liable under circumstances like those here presented. In *Reynolds* v. *The New York Central & Hudson River R. R. Co.* (58 N. Y. 248), the plaintiff's intestate was an intelligent boy of thirteen years of age, was perfectly conversant with the railroad and the manner of running the trains, and crossed it several times each day, on going to and returning from school. At noon of the day when he was killed he was seen walking towards the railroad track, and was found dead soon after, having been struck and killed by the engine of a passenger train. The railroad track at the point where he was killed was straight for about half a mile each way. The circumstances in this case indicate that he was not exercising that degree of care to be expected, in view of his age and condi-

tion. In *Cordells* v. *The New York Central & Hudson River R. R. Co.*, the accident happened between one and two o'clock in the day time, while the deceased was attempting to cross the track on foot. He lived near the track, knew where it was and all its surroundings. He was a man of mature age and judgment, and in possession of all his faculties. He knew the track was used for trains going east, and that danger was mainly to be apprehended from the west. He had no reason to expect any signal, because they were not customary at that point. It was possible to see at least forty feet westerly before getting upon the track. The exercise of proper vigilance would undoubtedly have saved his life.

This is undoubtedly a close question—whether the deceased was negligent. There is nothing in the evidence pointing to negligence on his part, and the facts of the occurrence, so far as they appear, fairly admit of the contrary inference.

The case was submitted to the jury in a fair charge, in which they were told that it was the duty of the plaintiff, in order to recover, to satisfy them that the injury arose solely from the neglect of the defendant, and without any co-operating negligence on the part of the deceased.

I think, in view of all the circumstances, it was a case for the jury to determine whether the deceased was chargeable with contributory negligence; and their finding that he was not cannot be regarded as mere matter of speculation, but might have been arrived at after a careful consideration of the evidence.

A case in point upon the question here is *Dobiecki* v. *Sharp* (before quoted, 88 N. Y. 203). In that case the plaintiff's testator, while standing on the platform constructed for the accommodation of passengers taking local trains, was struck by a car of the train and killed. The train was an express train which did not stop at the platform. The car projected from three to five inches over the platform. It was not the platform for the train which the plaintiff's testator intended to take.

Although all that appeared in the evidence in support of the absence of negligence on the part of the deceased was that he was standing on a platform provided by the defendant for the accommodation of its passengers, it was held that the question was properly submitted to the jury.

The claim of the defendant that the complaint should have been dismissed, on the ground that the plaintiff's intestate, by continuing to use the steps in their defective condition, became guilty of negligence, has no force in this action. There is no evidence which shows that he had any knowledge or notice of their unsafe condition. It is true, there is evidence that the deceased used the steps frequently in going to and from his work, and it is true that a witness testified that the condition the step was in was obvious to a casual observer; but, on the other hand, the station inspector, Stevenson, says he frequently used the steps, and that he did not notice anything wrong about them, and that, so far as he could see, there was nothing noticeable to the eye that indicated their unsafe condition. Metzger, another station inspector, used the steps three or four times a day, and did not notice anything; and the track-walker, Stapleton, testified to the same effect.

The request to charge that the deceased, in remaining on the station after finding that this letter could not be delivered, had no duty to perform for the company at that place, and the latter was under no more obligation to him than it would be to any other person upon the station on sufferance, was properly refused. It assumes as proved, facts which were not established by the evidence. The proof does not indicate precisely the business upon which the deceased came to the station; nor does it anywhere show that he had finished the duty, whatever it was, which brought him there.

The judgment should be affirmed.

J. F. DALY, J., concurred.

Judgment affirmed.