# Cases

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## July, 1886.*

---

### MAURICE COLEMAN, Respondent, v. THE SECOND AVENUE RAILROAD COMPANY, Appellant.

*Negligence — liability of a horse-car company to one injured while passing from one seat to another along the outside of the car — when it is not negligence for him to attempt to change his seat.*

The plaintiff on entering one of the defendant's open horse cars sat down on the outside of the last seat with his back to the rear platform. Other passengers having been allowed to crowd into his seat, to the discomfort and annoyance of the plaintiff, he left it intending to walk upon a step which ran lengthwise along the side of the car, in order to reach the forward part of the car where there were vacant seats. In so doing he was struck by an iron column of the elevated railroad, at a point where the defendant's road runs closer than usual to the iron supports of the elevated road.

*Held*, that it was not negligence, as a matter of law, for the plaintiff to attempt to use the step to obtain for himself a new seat in the place of the one from which the defendant had permitted him to be forced.

That it was not negligence, as matter of law, to misjudge the distance between the car and the iron column, especially when this column was nearer than they usually were.

That a request to charge that the plaintiff was bound to stop the car or request the conductor to do so was properly refused, as the question was one of fact for the jury and not of law.

A common carrier is bound to use the highest degree of foresight in anticipating dangers and in guarding against them.

---

* Adjourned from May Term, 1886.

APPEAL from a judgment, entered upon a verdict rendered at the Kings County Circuit in favor of the plaintiff, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The plaintiff entered an open car on July 6, 1880, near One Hundred and Twenty-seventh street, New York city, and " got into the rear seat," with his " back to the rear platform." He testified that some other persons came into the part of the car where he was sitting ; that he " got crowded out," and the forward portion of the car being vacant, he stepped out on the step that ran along the side of the car to go to another seat ; that " in trying to get into another seat my head came in contact with the iron column of the elevated railway."

*Austen G. Fox,* for the appellant.

*P. & D. Mitchell,* for the respondent.

BARNARD, P. J. :

The plaintiff was a passenger in the defendant's car sitting in the rear seat. The company permitted him to be crowded out by other passengers. The car was an open one. There is a step outside the car upon which the passengers enter the car, and it can be and is used to pass from seat to seat. When the plaintiff was made uncomfortable, if not unsafe, he attempted to pass along the step to a front seat where it was less crowded. In doing so he was struck by the iron column of the elevated railroad. At this point the car track of the defendant's street railroad is closer than usual to the iron supports of the elevated railroad. They are of uniform distance, but the street road varies sometimes in distance between its tracks, and thus their cars are brought in some places nearer the iron columns of the elevated road than in others. It was not a negligent act, as matter of law, for the plaintiff to attempt to use the step to place himself in a new seat in the place of the one from which the defendant had permitted him to be forced. (*Dixon* v. *Brooklyn City, etc., R. R.,* 100 N. Y., 171.)

It was not negligence, as matter of law, to misjudge the distance between the car and the iron column, especially so when this column was nearer than they usually were, and with a car which itself projects considerably over the space between the defendant's tracks and

the elevated railroad structure. (*Dobiecki* v. *Sharp*, 88 N. Y., 203 ; *Brassell* v. *N. Y. C. and H. R. R. R. Co.*, 84 id., 241.)

The charge of the judge in respect to the principles which govern this class of actions is supported by numerous cases. The carrier is bound to use the highest degree of foresight in anticipating possible danger and in guarding against them, and it was for the jury to say under the evidence whether this duty was performed.

The requests to charge to the effect that the plaintiff was bound to stop the car or request the conductor to do so, did not present a question of law, but one of fact for the jury. If the request was good there was no question for the jury. The plaintiff did not ask the conductor to stop, but proceeded to release himself from a difficulty in which the defendant had placed him, by using a step apparently safe to be used for the purpose.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred ; CULLEN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.