BLAUSTEIN v. WARBURTON.

(City Court of New York, General Term. March 19, 1895.)

APPEAL—ERRORS CURED.

In an action against the indorser of a check, defendant, though he had testified that the check was given on certain conditions, was not allowed to state that the conditions had not been performed by plaintiff. It was not claimed by plaintiff that the conditions had been performed, but he contended that no such conditions had been imposed. Afterwards defendant testified as to the nonperformance of the conditions, and the court charged that the conditions were legal, and that, if the jury should find

that they were in fact imposed, then they should find a verdict for defendant. *Held,* that the error, if any, in the exclusion of the evidence was cured.

Appeal from trial term.

Action by David M. Blaustein against William J. Warburton on a check. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK and NEWBURGER, JJ.

Chas. F. Bostwick, for appellant.
David Leventritt, for respondent.

VAN WYCK, J.    The plaintiff herein, as the plaintiff in another action, had caused the arrest of one Foxall, the defendant therein, and, while in actual custody, his (Foxall's) attorney secured his release by delivering a check for $415, made to the order of and indorsed by such attorney to the attorney of the plaintiff; whereupon both such attorneys signed a stipulation that, "this action having been settled between the parties, it is hereby consented that the same be discontinued, and that the order of arrest be vacated," etc.    This action is against Foxall's said attorney, as such indorser of this unpaid check of $415; and the proof of the plaintiff herein is that, when the stipulation to settle the action and vacate the order of arrest was signed and delivered, this check, so indorsed, was delivered to his attorney, in absolute and unconditional settlement of that action.    The defendant indorser herein, in his own behalf, testifies that he was Foxall's attorney in the other action, and signed and accepted the stipulation, and at the same time indorsed and delivered the check to plaintiff's attorney therein, and then said to him: "Of course, I won't expect you to take a check from my client in jail.    I have had him·draw the check to my order, and I will indorse it.    I am willing to take the responsibility.    This is the amount I am placing in your hands in trust;" and that, to this, plaintiff's attorney replied: "If you will send for the other defendant, and induce him to come to New York to-morrow, we will then go over the items of plaintiff's account, and find out how much of this $500 is due, and how many shares of stock I have to return;" and that he (Foxall's attorney) said that "that would be satisfactory.    I gave plaintiff's attorney the check of $415, and the money, $85, and I received the release and stipulation.    As I understand it, that ended our conversation."    The appellant, this defendant, indorser of the check sued upon, insists that, although he was permitted to prove by his foregoing testimony the conditions upon which he delivered the check, his evidence by which he sought to prove the breach or nonfulfillment of these conditions was improperly excluded, to which he excepted.    The exclusion of some of this evidence would have been fatal if the plaintiff had by proof contended that these conditions had been performed or fulfilled; but such was not his contention, for he insisted that no such conditions were imposed, but that the delivery of the check to his attorney was absolute and unconditional; and, more-

over, this defendant himself testified, at folio 74, that the stock had never been delivered to him or his client, and his witnesses Zimmerman and Brauns both testify that none of the stock was delivered, and that no agreement had been reached as to how much of the $500 was due, while the plaintiff did not dispute the same, and made no proof whatever that the stock had been returned or the amount adjusted. Hence the evidence was absolute, overwhelming, and uncontradicted that, if the deposit was made upon the conditions insisted upon by defendant, there was a breach and nonfulfillment of these conditions by the plaintiff; and the judge charged the jury, without objection, request, or exception by the defendant, that:

"The making and delivery of the check in suit is not disputed by the defendant. He claims, though, that the check was not to have life, or was not to become the absolute property of plaintiff's attorney, until a certain condition was complied with; that condition being the accounting for, or the delivery to the defendant of, the stock which there has been so much talk about. Such a condition was a perfectly legal and binding one, if you find from the evidence that these were the terms or conditions on which the check was placed in the custody of plaintiff's attorney. If you find such to be the fact, you will render a verdict for defendant. If you are satisfied that the defendant has established the contract under which he claims, that this check was placed in the possession of plaintiff's attorney, he is entitled to a verdict."

Any error in excluding defendant's evidence as to the breach and nonfulfillment of the conditions of the alleged deposit was cured by defendant's proof that the conditions had not been performed and fulfilled by the plaintiff, and by the judge's acquiescence in this proof by substantially charging the jury that, if there were any conditions attached to the delivery of the check, they had not been performed and fulfilled by the plaintiff, and that defendant was entitled to the verdict. Neil v. Thorn, 88 N. Y. 270. Judgment affirmed, with costs.