Lillian McStay and William H. Brown, as Administrators, etc., Plaintiffs, *v.* Erie Railroad Company, Defendant.

(Supreme Court, Monroe Special Term, April, 1917.)

New trial — when motion for, not granted — verdict — evidence — Code Civ. Pro. § 999.

Negligence — what presents question of contributory — railroads — when verdict will not be disturbed — trial.

A motion for a new trial under section 999 of the Code of Civil Procedure will not be granted upon "exceptions" unless they relate to matters which affect a substantial right of a

43

party, or on the ground that the verdict is not supported by the evidence, unless the evidence is insufficient as a matter of law to sustain the verdict, or on the ground that the verdict is against the weight of evidence where there is a conflict of evidence upon which reasonable minds might differ.

The construction of a platform or sidewalk approach to a station with the edge so close to the rail that the bumper beam of an engine overhangs about four inches beyond the edge of the platform, the operation of an engine along the platform to the station at a high rate of speed and the maintenance of the platform so as to allow water puddles to accumulate upon it requiring a person using it to go around the puddles which would bring him close to the edge of the platform, if he passed to the left approaching the station, presents a question of negligence for the jury on the part of the railroad upon which reasonable minds might differ and their verdict will not be disturbed.

The use of a sidewalk or platform as an approach to a railroad station by a person going to the station, who, to avoid a puddle of water on the platform, walks so close to the edge of the platform as to be struck by the overhang of the bumper beam of an engine approaching at a high rate of speed from the rear, while a passing freight train is making considerable noise, presents a question of contributory negligence for the jury upon which reasonable minds might differ and the verdict will not be disturbed.

Motion by defendant for a new trial on the judge's minutes.

Cheney, Phillips & Greene (Warren J. Cheney, of counsel), for motion.

John W. Hollis, opposed.

Rodenbeck, J. I. The section of the Code of Civil Procedure under which this motion for a new trial is made substantially provides three grounds upon which the motion may be made: (1) that errors were made during the trial to which " exceptions " were taken; (2) that the verdict is contrary to the evi-

dence, which includes the excessive or insufficient character of the damages and whether or not the verdict is supported by the evidence or is against the weight of evidence, and (3) that the verdict is contrary to law. Code Civ. Pro. § 999. These are the only grounds upon which a motion for a new trial may be made upon the judge's minutes but they are sufficiently broad to cover every possible ground which appears upon the record and which is not dependent upon extrinsic evidence, the latter ground being covered by another section of the Code. Code Civ. Pro. § 1002. While section 999 has been the subject of numerous decisions, no general and uniform rules under it seem to have been adopted. So far as the " exceptions " in the record are concerned, it is sufficient to say that they should be disregarded on a motion of this kind unless they affect a substantial right of a party. Code Civ. Pro. § 723. See Proposed Civil Practice Act, § 51. Where the verdict is " contrary to the evidence " in the sense that it is unsupported by any evidence the rule is simple. There must be evidence to sustain a verdict. This does not mean a " scintilla " of evidence but legal evidence sufficient to sustain the verdict. Insufficient evidence is no evidence in law *Matter of Case,* 214 N. Y. 199, 203. When we come to the subject of the weight of the evidence, however, we find a great diversity of expressions used by the courts as the ground upon which a verdict may be set aside for the reason that it is contrary to the weight of the evidence. This does not mean that a judge may weigh the evidence of the witnesses and grant a new trial if he does not agree with the conclusion arrived at by the jury. It is clear from all of the decisions that a new trial will not be granted on this ground if reasonable minds may differ as to the verdict.

The courts have used varying expressions with reference to the cases in which a motion to set aside a verdict will be granted or denied on the ground that it is contrary to the evidence, as for instance that the preponderance of the evidence must be so " great " as to show passion or prejudice on the part of the jury (*Layman* v. *Anderson & Co.*, 4 App. Div. 124); that there must be an " overwhelming preponderance " of evidence against the verdict (*Franklin Coal Co.* v. *Hicks*, 46 id. 441); that the preponderance must be so " great " that the jury could not have reached its conclusion upon a " fair interpretation " of the evidence (*Jarchover* v. *Dry Dock, E. B. & B. R. R. Co.*, 54 id. 238); that a verdict would not be set aside where the evidence was so evenly balanced that " reasonable men might differ " as to its correctness (*Von Der Born* v. *Schultz* 104 id. 94); that the jury must have been moved to sympathy and passion to return a verdict against the " great weight " of the evidence (*Scott* v. *Barker*, 129 id. 241); that the verdict must " startle by its absurdity or suggest a suspicion of evil influence " (*Hospital Supply Co.* v. *O'Neill*, 10 Misc. Rep. 655); that the " overwhelming weight " of the evidence must be against the verdict and that it must have been the result of " passion or prejudice or a clear misapprehension of the evidence " (*Johnson* v. *N. Y. C. & H. R. R. R. Co.*, 40 id. 350); that a verdict should not be set aside unless the record indicates that it was influenced by " bias, passion, prejudice or corruption " (*Kingsley* v. *Finch, Pruyn & Co.*, 54 id. 317); that the evidence must be " overwhelming " to disturb a verdict (*Cheney* v. *N. Y. C. & H. R. R. R. Co.*, 16 Hun, 415); that a verdict must be set aside where the preponderance is " very great " even if there is a conflict of evidence (*Suhrada* v. *Third Ave. R. R. Co.*, 14 App. Div. 361); that there

must have been an " abuse " of legal process (*Morss v. Sherrill,* 63 Barb. 21) ; that a verdict will be set aside where it is " most clearly and manifestly " against the evidence (*Culver* v. *Avery,* 7 Wend. 380), or " so flagrant as to show passion, prejudice or inattention to duty." *Cothran* v. *Collins,* 29 How. Pr. 155. While these and other decisions are not uniform in their expression of the grounds upon which a verdict will be sustained or set aside, there may be deduced the general rule applicable to all situations that where there is a fair conflict of evidence a verdict will not be set aside because contrary to the evidence when reasonable men may differ as to the conclusion arrived at and that it will be set aside when no reasonable man would arrive at the result reached by the jury upon a fair interpretation of the evidence. *Munday* v. *Nassau El. R. Co.,* 99 Misc. Rep. 28; *Von Der Born* v. *Schultz,* 104 App. Div. 94; *Hospital Supply Co.* v. *O'Neill,* 10 Misc. Rep. 655; *Morss* v. *Sherrill,* 63 Barb. 21, 27; *Perlman* v. *Brooklyn Heights R. R. Co.,* 78 Misc. Rep. 168; *McCann* v. *New York & Queens Co. R. Co.,* 73 App. Div. 305.

2. Examining the facts in the case at bar by reference to the latter rule the verdict should be sustained. One of the contentions made is that there is no evidence to support the claim of negligence against the defendant. This is based upon the proposition that the overhang of about four inches of the bumper beam of the engine with the other facts in the case did not constitute negligence. This position was urged upon the court at the trial but was overruled on the authority of *Dobiecki* v. *Sharp,* 88 N. Y. 203. Reflection has not changed the view of the court with respect to the authority of this case and until it is overruled or distinguished it must be followed. The contention under this authority rests upon the assumption that the

accident occurred on the station sidewalk or platform but there was a sharp controversy on the trial as to the place where the accident actually occurred. The defendant claimed that plaintiff's intestate was struck while walking on the station platform. This was a very material question since the court charged that 'the verdict of the jury must be for the defendant if they found that the plaintiff's intestate was struck while on the crossing. There were two eye witnesses who testified on each side that they saw plaintiff's intestate struck by the engine. The engineer of the engine that struck him and the towerman testified positively that he was hit on the crossing while two witnesses called by the plaintiffs testified that he was not struck until he reached the station platform and two other witnesses testified that they saw him walking west on the platform before he was struck. There were corroborating witnesses on each side, the strength and weight of whose evidence was a question for the jury. There was a fair conflict of evidence with questions for the jury of credibility and of the effect to be given to evidence and inferences to be drawn therefrom. Under such circumstances the verdict of the jury that the accident occurred on the station platform and not at the crossing ought not to be disturbed since reasonable men might, upon fair interpretation of the evidence, differ with reference to this question and it cannot be said that no reasonable man could say that plaintiff's intestate was struck by the engine while he was walking on the station platform. The construction of a platform or sidewalk approach to a station with the edge so close to the rail that the bumper beam of an engine overhangs about four inches beyond the edge of the platform, the operation of an engine along the platform to the station at a high rate of speed and

the maintenance of the platform so as to allow water puddles to accumulate upon it requiring a person using it to go around the puddles which would bring him close to the edge of the platform if he passed to the left approaching the station, presents a question of negligence for the jury on the part of the railroad, upon which reasonable minds might differ and their verdict will not be disturbed. *Dobiecki* v. *Sharp,* 88 N. Y. 203; *Ayres* v. *D., L. & W. R. R. Co.,* 158 id. 254; *Archer* v. *N. Y., N. H. & H. R. R. Co.,* 106 id. 589; *Paulding* v. *N. Y. C. & H. R. R. R. Co.,* 132 App. Div. 68; *Lehigh Valley R. R. Co.* v. *Dupont,* 128 Fed. Repr. 840; *Candee* v. *Penn. R. Co.,* 84 Misc. Rep. 506; *Carpenter* v. *Boston & Albany R. R. Co.,* 97 N. Y. 494; *Brassell* v. *N. Y. C. & H. R. R. R. Co.,* 84 id. 241; *St. John* v. *N. Y. C. & H. R. R. R. Co.,* 165 id. 241; *Kramer* v. *Brooklyn Heights R. R. Co.,* 190 id. 310; *Mullen* v. *Schenectady R. Co.,* 214 id. 300.

3. The contributory negligence of plaintiff's intestate was also a question for the jury. There were puddles of water on the platform and there was evidence that he was attempting to pass around one of those puddles when he was struck. The rule as to contributory negligence which applies at a railroad crossing does not extend to the case of one using a station platform. The assumption that plaintiff's intestate must have seen the approaching engine at the crossing had he looked as he was required to do does not apply to his position on the station platform if the accident occurred at that point and not on the crossing, and in determining whether or not he should have heard or seen the engine in time to have avoided going too close to the cement curbing or to have receded in time to have avoided the accident, is to be determined in view of the noise that the freight train was making and the other circumstances of the case

which come within the province of the jury. He may not have exercised under the circumstances the care and prudence that an ordinary man would have exercised, but is not that a question for the jury and may not reasonable men differ upon that question? It might be said that he should not have gone under the gates at all and that a careful and prudent man would have remained outside the gates, but it is a question for the jury, not a question of law, whether or not an ordinarily careful and prudent man would have passed under the gates and proceeded on his way across the tracks while a freight train was passing. He was struck on the right hip and if the engine struck him while he was going westerly on the station platform he must have turned to the right sufficiently to enable his right hip to come in contact with the bumper beam of the engine. The explanation is that when he heard the engine whistle he turned to the right and was hit before he could save himself. The contention of the plaintiffs is that if the company had not been negligent in maintaining the station platform and in allowing the bumper beam to project over the station platform he would not have been struck and that it was not negligence on his part to turn as he did rather than to step sideways. His absence of contributory negligence is predicated upon the assumption that he had the right to use the entire width of the platform and was not chargeable with knowledge that the bumper beam extended over the platform. It cannot be said therefore as a matter of law that he was guilty of contributory negligence and, being a question of fact, the conclusion of the jury should not be disturbed upon this motion. The use of a sidewalk or platform as an approach to a railroad station by a person going to the station who to avoid a puddle of water on the platform walks so close to the edge of the platform as

to be struck by the overhang of the bumper beam of an engine approaching at a high rate of speed from the rear, while a passing freight train is making considerable noise, presents a question of contributory negligence for the jury upon which reasonable minds might differ and their verdict will not be disturbed. *Brassell* v. *N. Y. C. & H. R. R. R. Co., supra; Paulding* v. *N. Y. C. & H. R. R. R. Co., supra; St. John* v. *N. Y. C. & H. R. R. R. Co., supra; Kramer* v. *Brooklyn Heights R. R. Co., supra.* Although the court may feel that the plaintiffs' intestate was guilty of contributory negligence if there was a question of fact to submit to the jury upon this subject it cannot now set aside the verdict because the court does not agree with the conclusion arrived at by the jury. *Layman* v. *Anderson & Co., supra; Franklin Coal Co.* v. *Hicks, supra.* It would not help a final determination of the case for the court to set aside the verdict. It is far better that the case should go to the Appellate Division to secure its judgment upon the questions involved.

The contention that defendant was prejudiced by the opening remarks of counsel is not available. The remarks in summing up were not prejudicial. Plaintiffs' counsel was advised by the court of the impropriety of his remarks as soon as objections were made to them and in this manner and by the charge of the court any improper influence due to such remarks was neutralized. Nor can it be said that the verdict is excessive. Plaintiffs' intestate was a substantial business man and while his earning capacity from his business was not relevant evidence there was sufficient evidence as to his life and character to justify the amount of the verdict. The motion is denied, with ten dollars costs.

Motion denied, with costs.