Fleming *v.* Smith.

[ALBANY GENERAL TERM, March 6, 1865. *Peckham, Miller* and *Ingalls,* Justices.]

FLEMING *vs.* SMITH.

A verdict should not be set aside merely because the court would have come to a different conclusion from that of the jury, on the force and weight of the testimony.

While the court on review, may, and should, set aside a finding of fact if it be plainly against the weight of evidence, it certainly should not go beyond that point to interfere with the decisions of fact fairly deducible from conflicting testimony.

The plaintiff having made a proposition to the defendant, to do certain work and labor upon a building which the latter was erecting, the defendant told him to go and see B. the contractor, about it. He did so, and B. employed him to do the work. There being some evidence to show B.'s agency for the defendant; *Held* that proof of declarations made by B. in making the contract with the plaintiff was admissible evidence against the defendant, the declarations being those of an agent, relating to the subject matter of his agency.

THE plaintiff, who was a gas fitter, in 1862, put into the defendant's store in the city of Troy, then in process of construction, gas pipes and fixtures to the amount including his labor, of $146.19, to recover which he brought his action, in a justice's court.

The cause was tried before the justice, and a jury, and a verdict rendered in favor of the plaintiff. The defendant appealed to the county court, where a new trial was had. Upon the trial evidence was introduced showing a written contract between the defendant and one Edward G. Bond, by which Bond was to build the defendant's store, for $3000. It provided only that Bond was to do all the mason work and carpenter's work, and to furnish all of the materials for such work, according to a plan and specifications to be drawn by him and to be accepted by the defendant.

The defendant introduced evidence to show that there was also a parol agreement by which Bond was to provide the gas pipes and fixtures and perform that work, and claimed that the agreement rested partly in writing and partly in parol. The work was completed by the plaintiff and the bill rendered first to Bond, and then to the defendant; and as the plaintiff claimed, the defendant agreed to pay it, with Bond's indorsement of it, but afterwards refused to do so. The testimony was conflicting upon the most material parts of the case, and so far as it is important, appears in the opinion, together with the points and exceptions made and taken upon the trial. The jury found a verdict in favor of the plaintiff for the amount claimed. A case was made, and a new trial was denied by the court below; and judgment having been perfected, the defendant appealed to the supreme court.

*R. A. Parmenter*, for the appellant.

*D. L. Seymour*, for the respondent.

*By the Court*, MILLER, J. The principal question to be determined in this case is whether the plaintiff was employed

by the defendant to do the work and furnish the materials for which he claims to recover in this action. The plaintiff testifies that when he called upon the defendant and made a proposition to contract for the work in question, the defendant told him to go and see Mr. Bond, the contractor, about it. The plaintiff did so and made the contract with Bond. Bond swears that the defendant requested him to make the contract with the plaintiff, and that he employed the plaintiff at the defendant's request. He also testifies that the contract between himself and Smith, for the erection of the building was in writing; and the written contract introduced in evidence shows that the work done by the plaintiff was not included within its provisions and terms. It further appears from the plaintiff's evidence that after the contract was made and the work was in progress under it, the defendant was present, saw the work going on, and gave directions in regard to it to the plaintiff, and after its completion the plaintiff called upon the defendant with a bill of the work, having previously made out a bill against Bond and presented it to him, and the defendant said that he would pay the bill. At this time the whole work was not completed; the fixtures not being in; and he said, after the fixtures were in, that he would pay the bill, with Mr. Bond's indorsement. After this promise was made, the plaintiff finished the work according to the defendant's directions. He then said he would not pay without an order from Mr. Bond; but upon being told that this was contrary to the agreement, he promised to pay by Mr. Bond's indorsing the bill. Mr. Bond's indorsement was procured, but the defendant did not pay the bill.

In opposition to this testimony, the defendant himself swore, substanially, that the written contract did not embrace all the items of the agreement between him and Bond, and that there was a verbal agreement between them, which in terms embraced the putting in of the gas pipe and the fixtures. And his testimony upon this point is corroborated by

the evidence of another witness who was present at the time the alleged verbal contract was entered into. The defendant also denies most of the material allegations made by the plaintiff, as to his acts and admissions showing his liability. There was also considerable other testimony in the case, on both sides, as to the fact whether the work of the plaintiff was embraced in the contract, which it is not necessary to state particularly. It is perhaps enough to say that it was extremely contradictory as to the main issues litigated between the parties.

From this summary statement of the main facts developed upon the trial it would seem that there was at least some evidence to establish that Bond was the agent of Smith, for the purpose of making the contract with the plaintiff, and that the contract was made by Smith's authority; that he afterwards approved of it, and promised to pay the plaintiff's bill for the work done and the materials furnished.

It is by no means entirely clear that there was no evidence to show that the work done by the plaintiff was not embraced in Bond's contract. As I understand Bond's testimony, he swears it did not belong to him to pay, and was not a part of his contract, and that there was no other agreement than the written one offered in evidence, which clearly did not embrace it.

There are some other circumstances in the case which would look somewhat as if the plaintiff might have trusted Bond alone; particularly the fact that the first bill was made out against him; but these were all proper matters to be considered by the jury in looking at the whole testimony presented, and even though they may throw some doubt and distrust over the plaintiff's theory, and might if we were called upon to decide where the balance of the evidence was, cause some hesitation, yet they only present a case where the evidence is conflicting and the jury have passed upon it after a full consideration of the whole facts of the case.

The rule is too well settled at this late day to admit of

,any doubt or question, that a verdict should not be set aside merely because the court would have come to a different conclusion form that of the jury, on the force and weight of the testimony. (*Mackey* v. *The N. Y. Central Rail Road Co.*, 27 *Barb.* 528. *Williams* v. *Vanderbilt*, 29 *id.* 491, 504.) While the court, on review, may and should set aside a finding of fact if it be plainly against the weight of evidence, it certainly would not go beyond that point to interfere with decisions of fact fairly deducible from conflicting testimony. (*Mathews* v. *Poultney*, 33 *Barb.* 127. *Smith* v. *Tiffany*, 36 *id.* 23.)

The testimony introduced upon the trial was certainly conflicting, involving a variety of facts and circumstances, and contradictions of witnesses, which the jury who heard the evidence and saw the witnesses were entirely competent to decide, and perhaps better qualified in this respect than an appellate tribunal. There is nothing to show that they acted unfairly, or were improperly influenced; and I think there was no such preponderance of evidence as to authorize or justify the interference of the court upon that ground.

I think it was proper to prove the declarations made by Bond to the plaintiff, in making the contract. It was claimed that Bond was the agent of the defendant, and the proof was offered to show the contract made by the plaintiff with Bond as the agent of the defendant. The defendant had told the plaintiff to go and see Bond, which he did, and the conversation related to that interview. There was some evidence to show the agency, and as the proof offered related to the acts of the agent in employing the plaintiff to do the work not embraced in the written contract, it was proper as declarations of the agent, relating to the subject matter of his agency. (1 *Cowen & Hill's Notes,* 180, 181.)

To some extent the same rule which applies to the declarations made by Bond to the plaintiff would be applicable to the conversation between Bond and Coventry. It had a bearing upon the question as to Bond's agency, and I think

Fleming *v.* Smith.

embraced declarations of Bond as the agent of the defendant, as to matters within the scope of his agency, which were competent evidence against the principal.   I am also inclined to think that the testimony was admissible as a cross-examition of the witness upon the same subject matter which the defendant had introduced.   The defendant had proved that Bond made the contract with the witness to do the painting, and that he did it.   The conversation related to the same matter, and was but following up the evidence which had previously been introduced.   I discover no valid objection to the testimony.

I am also of the opinion that no error was committed by the inquiry made of the witness Bond as to the reason why he indorsed his name upon the plaintiff's bill.   According to the testimony of the plaintiff the defendant had agreed to pay the bill if thus indorsed, and the evidence tended to show the understanding between the witness and his principal, the defendant, to the effect that this indorsement was a mere certificate from the agent to the principal, that the work had been done, and was not to be considered as an order of Bond upon the defendant to pay the plaintiff out of the moneys due to Bond.

I have examined with care the several decisions of the county judge excluding evidence offered on behalf of the defendant, and I am satisfied that in these rulings no error was committed.   I do not consider it necessary to discuss them separately, but it strikes me that the evidence offered was not material, and had no particular bearing upon the issues involved in the case.   The objections to some of the offers made, if at all important, were also obviated by testimony which was subsequently introduced.

As I am unable to discover any error upon the trial of the cause, I am necessarily brought to the conclusion that a new trial must be denied, and the judgment of the county court must be affirmed, with costs.

[ALBANY GENERAL TERM, May 1, 1865. *Hogeboom, Peckham* and *Miller,* Justices.]