STATE v. JAMES M. LANIER.

*Evidence—General Character.*

Where a certain state of things is once proved to exist, the law presumes its continuance until a change is shown; *Therefore,* where a witness, called to impeach the character of another witness, offers to speak as to the general character of the witness attacked as it existed some two or three years before the trial, such evidence is not too remote, and its rejection is error.

(*Luther* v. *Skeen,* 8 Jones 356; *Speight's* case, 69 N. C. 72; *Parks',* 3 Ire. 296; *O'Neal's,* 4 Ire. 88, cited and distinguished.)

INDICTMENT for Larceny tried at June Term, 1878, of NEW HANOVER Criminal Court, before *Meares, J.*

The defendant was indicted for larceny alleged to have been committed in March, 1878, and during the progress of the trial the defendant's counsel offered one Savage as a witness to attack the character of the prosecuting witness, Holloway. It was proved that Holloway had removed from New Hanover to Columbus county where he had resided for the past three years. Savage stated that he was acquainted with the general character of Holloway when he lived in Wilmington some two or three years ago, but did not know what his character was where he now lived. The Solicitor for the State objected to the witness speaking of the general character of the prosecuting witness when he lived in Wilmington three years ago, and the Court sustained the objection. Defendant excepted. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.
No counsel for the defendant.

FAIRCLOTH, J. The law presumes every person to have a

good character until the contrary appears. A fact once established is presumed to continue as a fact until the contrary appears. If A was alive two years ago it will be presumed that he still lives, nothing else appearing. If he was a citizen of Virginia two years ago he is presumed to be such citizen still, nothing else appearing. If he had a bad character two years ago that character is presumed to be still the same, nothing else appearing. If he had a good or bad character one week ago, that fact is *some* evidence that his character is still the same. If he had a bad character two or three years ago that fact is *some* evidence that his character is the same, and the weight of the evidence is for the jury. When a state of things is shown once to exist, the law presumes that state of things to continue till the contrary shall appear by proof in some way or other, or until a different presumption shall arise from the nature of the case under consideration. How long such presumptions may exist and continue, or how far in the past we can look for evidence to establish a present fact, it is not easy to determine, but it is safe to say that the law does not absolutely shut out as immaterial an inquiry into the character of a witness two or three years before the trial.

Witnesses are not and can not in testifying on the subject of general character be limited to the times precisely, when they speak, because reputation depends very greatly on reports which the witness must have heard before he is put on the stand for examination. Then how long before is the question? No doubt, evidence referring to the character of the witness sought to be impeached at a recent period would have more influence with the jury than evidence at a more remote period, still the evidence in each instance is of the same grade, and we can not say that either would not aid the jury in estimating the value of what has been said by the witness.

Men's character no doubt change frequently, but in the

eye of the law they are not presumed to change suddenly. Reformation may be shown in reply to the attacking evidence, but the law will not presume it in advance of the proof. The authorities cited by the *Attorney General* in our own Court fail to hit the point in this case, (*Luther* v. *Skeen*, 8 Jones, 356 ; *State* v. *Speight*, 69 N. C. 72; *State* v. *Parks*, 3 Ire. 296 ; *State* v. *O'Neal*, 4 Ire. 88,) and do not militate against the view we take. The under-cited cases decide this question and for the above reasons, and upon those authorities we think His Honor committed an error in excluding the evidence of Savage in regard to Holloway's character two or three years before the trial. 1 Greenl. on Ev., §§ 41, 42. *Com.* v. *Billings*, 97 Mass. 407 ; *Rathbun* v. *Ross*, 46 Barb. 127 ; *Sleeper* v. *Van' Middlesworth*, 4 Denio 431.

Let this be certified and a new trial had below.

Error.                                    *Venire de novo.*