HAROLD DOLLNER et al., Appellants, against WILLIAM LINTZ, Respondent.

(Decided December 1st, 1879.)

In an action upon a promissory note, by indorsees from the payee, against the maker, evidence of what the payee said to the plaintiffs when he transferred the note to them may properly be excluded, where there is no attempt to show that the plaintiffs are not bonâ fide holders.

Although an interrogatory to a witness examined under a commission is improperly excluded on the trial, the judgment will not on that account be reversed, where the interrogatory appears to have been fully answered in other parts of the deposition.

Where testimony taken under a commission is read on the trial, evidence to impeach the reputation of the witness for truth and veracity, is not limited to the time of taking his testimony. He becomes a witness in the cause, not when his deposition is taken, but when it is read on the trial; and if at that time, or any previous time, his character has been pronounced bad by his neighbors, the fact may be proved.

A verdict will not be set aside as against the evidence, where the theory of the case adopted by the jury is not inconsistent with the evidence, although the court might incline to a contrary finding on the facts.

APPEAL from a judgment of this court, entered on the verdict of a jury, and from an order denying a motion for a new trial, made on the judge's minutes.

The facts are stated in the opinion.

Johnson & Cantine, for appellants.

S. H. Thayer, for respondent.

VAN HOESEN, J.—Lintz was sued as the maker of a note of which the plaintiffs were the holders, and in his answer he denied that the note was ever made by him. He also denied that he had any knowledge or information sufficient to form a belief as to whether the note had been indorsed to the plaintiffs. The real point in dispute was whether or not the note was a forgery. The jury found that it was a forgery, and from the

judgment entered upon a verdict for the defendant the plaintiffs appeal.

Upon the trial the plaintiffs sought to prove what one Eneas, the payee of the note, said to the plaintiffs when he transferred the note to them. Upon the objection of the defendant, the court excluded the question. We think the ruling proper. There was no attempt to show that the plaintiffs were not *bonâ fide* holders. Had there been, it might have been proper under certain circumstances for the plaintiffs to show, in rebuttal, that Eneas did not apprise them of any facts tending to show the note to be invalid. But all that it was necessary or proper for the plaintiffs to prove in the first instance, was the bare fact that the note was indorsed to them. What Eneas said could not enlarge their rights against the defendant. There is no force in the plaintiffs' argument that proof of what Eneas said would corroborate the evidence that Blatchley was sent with the note to the defendant, to ascertain if it were good, and would be paid.

It was error to exclude the twelfth interrogatory to Eneas; but the case shows the interrogatory to have been answered. The evidence appearing at folios 58 and 59 is a full response to every branch of the interrogatory.

The testimony was taken upon commission in September, 1877, and the trial of the action was had in February, 1879. On the trial, several witnesses were called to impeach Eneas. They were asked: "What is his reputation for truth and veracity?" The plaintiffs objected on the ground that the inquiry should be limited to his character at the time his testimony was taken on commission. If there were any rule that a witness could be impeached only by showing his character to be bad at the moment he is testifying, still the question would have been perfectly competent. Eneas became a witness in the cause, not when his deposition was taken, but when it was read upon the trial. If at the time of the trial, or at any previous time, the witness's character has been pronounced bad by his neighbors, the fact may be proved (*Graham* v. *Chrysta,* 2 Keyes, 21; *Sleeper* v. *Van Middlesworth,* 4 Denio, 431). But the char-

acter of Eneas in 1877 was fully proven by the witnesses, and the plaintiffs have nothing to complain of on that score.

After the genuine note had been admitted without objection, the plaintiffs objected to an answer of the defendant to the effect that the genuine note had been paid.

The objection came too late. There appears to have been no objection to the question, and the answer of the witness was responsive.

It is said that the verdict was against the evidence, and that the jury must have made a mistake, or been under the influence of passion or prejudice. I have carefully read the evidence and I think it fully proved that the plaintiffs sent their clerk to see the defendant, and ask if the note which Eneas offered them would be paid. Blatchley, the clerk, accompanied by Eneas, went to the office of the defendant, where Eneas produced a paper, which the defendant said he expected to pay when it fell due. Blatchley, on his return, told the plaintiffs what the defendant had said, and the plaintiffs then advanced to Eneas the sum of $2,000 on the strength of the note, which Eneas then indorsed to them. It is true that the defendant says he has no recollection of Blatchley's coming to the office with the note, but Blatchley's memory is clear, and the surrounding circumstances corroborate him completely. There is no doubt that some note was exhibited to the defendant. And here is where the difficulty arises. Was it the forged note which the plaintiffs obtained from Eneas that was shown to the defendant? The defendant had for years been in the habit of exchanging notes with Eneas, and had lent him a note of the very date, and for the very amount, of the note in suit. When Eneas went with Blatchley to the defendant's office, Eneas took from Blatchley the note which the plaintiffs had given to Blatchley to show the defendant. It was Eneas who exhibited the note to the defendant, and asked if it would be paid. On leaving the defendant's office, Eneas handed back to Blatchley a paper which Blatchley believes to be the very one which he had placed in Eneas's hand.

The defendant's theory is that Eneas, who had a genuine note of the defendant, exhibited that, and that the forged copy

which the plaintiffs took, was not shown to the defendant. The jury adopted that theory, and I cannot say that the evidence is inconsistent with it. My own inclination, had I been on the jury, would have been to find for the plaintiffs. But I should not distrust the judgment of a man who concluded upon the evidence that Eneas, who was a forger, played the trick of exhibiting one note and selling another.

The verdict was not, therefore, against one view of the evidence which might very well be taken.

The judgment and the order appealed from should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J. concurred.

Judgment and order affirmed.

A motion for a re-argument of the appeal was subsequently made by the appellants, upon the grounds that the court was mistaken in holding that the twelfth direct interrogatory to the witness Eneas had been in fact answered, and also in holding that there was evidence to sustain the jury in finding that Eneas might have substituted a genuine note for the forgery, at the interview of Blatchley and Eneas with the defendant.

CHARLES P. DALY, Chief Justice.—A re-argument is asked for, in this case, not upon any of the grounds upon which, in the court of appeals, and in this court, a re-argument is granted (Curley v. Tomlinson, 5 Daly, 283), but because the appellant desires to argue over again what has already been argued and passed upon ; and if we granted a re-argument in this case, we would have to, or ought to, grant one hereafter in every instance, where the defeated party wishes to argue the cause over again.

VAN BRUNT, J., concurred.

Motion for re-argument denied.*

* The judgment entered upon this decision was affirmed by the court of appeals, March 22d, 1881 (see 84 N. Y. 669).