### J. OBERMANN BREWING COMPANY
### v.
### WILLIAM D. ADAMS ET AL.

*Evidence—Conversation through Telephone—Letter—Secondary Evidence—Notice—Sales—Guaranty.*

1. Evidence of a conversation by telephone between plaintiff and some one at defendant's place of business, is not admissible as against the defendant, in the absence of proof as to who was the person with whom plaintiff talked.

2. Secondary evidence of a letter sent to the opposite party, is not admissible where no notice to produce the letter has been given.

[Opinion filed April 21, 1890.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. SIDNEY C. EASTMAN and BOWEN W. SCHUMACHER, for plaintiff in error.

Obermann Brewing Co. v. Adams.

Mr. George W. Plummer, for defendants in error.

Garnett, J. This is a suit in assumpsit by appellees for the price of liquors alleged to have been sold by them to appellant. From the judgment in plaintiffs' favor, the appellant brings this appeal. The circumstances of the sale of the liquors were these: About May 12, 1886, a man by the name of O'Brien went to appellees' store and told Albert L. Smith, one of the firm that he was authorized by appellant to purchase a stock of liquors and cigars for a saloon, which appellant intended to open for him at 194 Randolph street, in Chicago, and at the same time presented a card upon which G. J. Obermann, the vice-president of appellant, had written:

"Th. O'Brien is fitting up a saloon, No. 194 Randolph; we guarantee payment for any fixtures or work done for the place, ordered by him.

"J. Obermann Brg. Co."

While Smith was talking to O'Brien, Tanner, another of the appellees, called up appellant through the telephone. On the trial in the Circuit Court, Tanner was permitted, over the objection and exception of appellant, to testify to the conversation he held through the telephone with the person at the other end of the wire, and Smith was allowed to testify to what Tanner said while at the telephone. Tanner admitted he did not recognize the voice of the person who spoke to him through the telephone, as he never knew any of the "people" before, and that he could not tell whether it was in Obermann's voice or not, as he did not meet him until some months afterward. Smith did not hear the voice and consequently could not say who the party was. Tanner testified, however, that he asked through the telephone if O'Brien had authority to buy goods for the Obermann Brewing Company for their saloon at No. 194 Randolph street, and an affirmative answer was given.

O'Brien's authority to purchase the goods on appellant's credit was the very point in issue. Now, the admission of the evidence went to the merits of the case, and was clearly

error, and , its evil effect was not neutralized by anything found in the record.

The parties in charge of appellant's office, and having authority to speak for it in such matters, testified that they received no such communication by telephone, and denied O'Brien's authority to make the purchase for appellant or on its credit. For aught that appears the inquiry of Tanner may have been answered by a teamster or laborer who then happened to be in appellant's office, but having no right whatever to answer questions of that kind.

Another error assigned by appellant is the refusal of the court to allow it to introduce secondary evidence of the contents of a letter alleged to have been sent by it to appellees.

Whether the letter was received by appellees or any of their firm was not proved. It may have been received, and if it was, notice to produce it should have been given. As no such notice was served, the ruling of the court on this point was right. For the error in admission of improper evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*