## FOSTER CRANE v. THE STATE.

*No. 3830.   Decided November 28.*

1. **Slander—Justification—Reputation for Chastity—Evidence.**—On a prosecution for slander our statute (Penal Code, art. 646) allows a defendant in justification to show the truth of his imputation of want of chastity, and moreover provides that the general reputation for chastity of the alleged injured female may be inquired into.

2. **Same—Inquiry as to Reputation for Chastity—Result of.**—Where, on a prosecution for slander, an inquiry into the reputation of the female for chastity establishes that such reputation is bad, the defendant is entitled to an acquittal.

3. **Same — Extent of Proof of Reputation for Chastity.** —Where the prosecutrix had removed to Hopkins County just six months prior to the alleged slander, and defendant proposed to prove her general reputation for chastity before and at the time of her removal from Titus County, and the court excluded the evidence upon the ground that the investigation as to her general reputation should be limited to the neighborhood or community in which she resided at the time of the alleged slander, *held*, that the proposed testimony was proper and admissible, and the ruling erroneous. See the opinion *in extenso* for a discussion of this question.

4. **Case Discussed.**—See the opinion of the court for a proper construction of certain language used in the opinion in Patterson's case, 12 Texas Court of Appeals, 458.

APPEAL from the County Court of Hopkins.   Tried below before Hon. J. M. Morris, County Judge.

Appellant was tried and convicted on an information charging him with the slander of one Ellen Thomas, by imputing to her a want of chastity.   On the trial he was convicted of said offense and his fine assessed at $100.   It is not necessary that the evidence adduced should be given in connection with the points decided.

*Peteet & Crosby*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The information upon which the conviction in this case is based charges the slander of an unmarried female, under article 645 of the Penal Code, and is in strict conformity with approved precedents.   Willson's Crim. Forms, No. 403, and Willson's Crim. Stats., sec. 1119.   It was no error to overrule defendant's motion to quash.

It is alleged in the indictment and shown by the proof that the alleged slander was perpetrated on the 22d of June, 1890.   It is also further shown by the evidence that the injured female, Ellen Thomas, had only lived some six months in the county of Hopkins, where the slander was perpetrated; that prior to that time she had lived for a number of years in the county of Titus, from which last county she had removed to Hopkins County in December, 1889.

In prosecutions for this character of crime our statute provides that the defendant may, in justification, show the truth of the imputation; and the general reputation for chastity of the female alleged to be slandered may be inquired into. Penal Code, art. 646; Willson's Crim. Stats., sec. 1121. In Shaw v. The State, 28 Texas Court of Appeals, 236, Judge Hurt, speaking of the inquiry into this previous reputation for chastity, says: "Let us suppose that the inquiry is made, and the result of the investigation is that her general reputation for chastity is bad, and that the jury is satisfied of this, what effect would this fact [bad reputation for chastity] have upon the case? Must the jury acquit? We think so. Patterson v. The State, 12 Texas Ct. App., 458; McMahan v. The State, 13 Texas Ct. App., 220." Thus it appears, that if the defendant can prove that the female's reputation for chastity is bad he is entitled to be acquitted.

In this case appellant proposed to prove, and offered witnesses to prove, that the reputation of the prosecutrix Ellen Thomas for chastity was bad in Titus County—the county from which she had removed to Hopkins County, as above stated, just six months prior to the alleged slander. This proposed testimony was objected to by the prosecution upon the ground that the investigation as to her general reputation should be limited to the neighborhood or community in which she resided at the time of the alleged slander. The court sustained the objection, and excluded the proposed testimony. It seems that this ruling of the court was based upon certain language used in the opinion of this court in Patterson v. The State, 12 Texas Court of Appeals, 458, as follows: "We therefore conclude that in a prosecution under this statute the defendant, in justification, may prove, (1) that the particular imputation which he has made against the female is true; (2) that her general reputation for chastity at the time the slander was uttered by him was bad; but that he can not be permitted to prove any other acts of conduct imputing a want of chastity except those specifically embraced in the imputation made by him."

In our opinion, the language here quoted does not bear out the construction which seems to have been placed upon it in the court below. It is true, it requires that the general reputation for chastity must be bad; but it does not preclude the idea that in inquiring into this general reputation the inquiry shall be limited to the locality in which the prosecutrix then resides.

Suppose the prosecutrix had not resided in the community a sufficient length of time to have established a general reputation for chastity, yet at the very time the slander was uttered she may have had a general reputation for chastity in the community from which she had but recently removed; should not her general reputation in the community from which she had removed follow, and still be imputed to her? We think so.

We are of opinion the same rule obtains, or should obtain, with regard to establishing the general reputation for chastity of an alleged injured female as obtains with regard to the impeachment of a witness as to the general reputation for truth and veracity in the community in which he lives.

In Coffelt v. The State, 19 Texas Court of Appeals, 436, in a trial where a State's witness had lived some seven or eight years in a certain neighborhood and some eight or ten months prior to the trial he had removed into another neighborhood, some ten miles distant, assailing the general reputation for truth of said witness, the defendant asked the impeaching witness what his general reputation was in the first named neighborhood, which question was disallowed by the court upon the ground that reputation must be restricted to his place of present residence. It was held that the question was a proper one, and the ruling was erroneous; the court citing Lum v. The State, 11 Texas Court of Appeals, 483, where the same doctrine was held, and further, "that the presumption in favor of the continuance of an established status obtains with regard to a witness' reputation for truth, notwithstanding the lapse of three years." Citing Kelly v. The State, 61 Ala., 19; Sleeper v. Van Middlesworth, 4 Denio, 431; The State v. Lanier, 79 N. C., 622.

Because, in our opinion, the court erred in excluding the proffered testimony of the witness with regard to the general reputation of the alleged slandered female in Titus County, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.