## KING v. NEW YORK, L. E. & W. R. CO.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

REVIEW ON APPEAL—CONFLICTING EVIDENCE.

Where the question at issue is solely one of fact, and the testimony is conflicting, the verdict of the jury is conclusive.

Appeal from circuit court, Cattaraugus county.

Action by Sophronia King against the New York, Lake Erie & Western Railroad Company to recover damages for personal injuries sustained through the alleged negligence of defendant. From a judgment entered on a verdict in favor of plaintiff, and from an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

J. H. Stevens, for appellant.
T. H. Doud, for respondent.

DWIGHT, P. J. The plaintiff received the injury of which she complains, in her attempt to leave a train of the defendant upon its arrival at

the station for which she had taken passage. The name of her station was called by a brakeman who went through the car from rear to front, while the train was slowing down. Then the train stopped, the plaintiff rose from her seat,—some three or four seats back from the front of the car, —and went forward to the front door, and as she was in the act of stepping out of the door the car made a sudden lurch backward, and she was thrown forward, face downward, onto the platform of the car. This is the plaintiff's narrative of the occurrence, and it is corroborated in its material particulars by another witness,—a lady who was riding in the same car,—who testified that she did not leave her seat until after the car had stopped; that she followed the plaintiff to the door; and that it was after she, the witness, had reached the door that the lurch or jerk came, and the plaintiff was thrown down. This witness testified that the sudden movement of the car was first forward and then backward, quite severe,—an unusual movement, such as she had never observed before. This, with evidence of the nature and extent of the injury received, was the plaintiff's case. It was met by the testimony of the conductor, the engineer, and the brakeman of the train, all of whom testify that there was no starting up of the train, or second stop, after it once came to a standstill on the occasion in question, and that of two passengers in the same car with the plaintiff, who observed only one stop of the train, and nothing unusual about that. The conductor knew nothing of the accident until the train reached the next stopping place. The engineer testifies that after the train stopped once it was not moved again, either backward or forward, until it moved away from the station; that the Westinghouse air brakes were in use on the cars of this train; that they were in perfect order, and applied in the usual manner; and he testified that in the proper application of those brakes the train is brought gradually to a stop, without jerk or shock, and that there is no motion whatever of the train when the air brakes are released. The brakeman was the only witness who professed to have seen the plaintiff fall, and he says she fell out of the door, on all fours, at the moment the train stopped, and that the train stopped but once, and made no motion after it stopped. The case is thus shown to present but a single question, and that one of fact, viz. whether the plaintiff left her seat, reached the door, and was passing out of the door, before the train came to a stop, and was thrown down by the unavoidable reaction which occurs at the moment of stopping; or whether she kept her seat until the train had come to a full stop, then passed to the door while the train was stationary, and was thrown down by a sudden lurch or motion of the car as she was passing through the door. Whatever we may be inclined to believe from the evidence here, and our own observation of the stopping and starting of trains and the operation of air brakes, we are concluded by the verdict of the jury in this case. The question was clearly one for the jury. The evidence was conflicting, and the jury was the judge of its weight and credibility. The question was very clearly presented to the jury by the court in a charge to which no exception was taken, and the verdict cannot be disturbed. The judgment and order appealed from must be affirmed. All concur.