LOGAN et al. v. BERKSHIRE APARTMENT ASS'N.

. (Common Pleas of New York City and County, General Term. April 3, 1893.)

1. SALE—ACCEPTANCE—RETENTION AFTER DISCOVERING DEFECTS.
Retention and use of an article after discovery of alleged defects constitute an acceptance, rendering the purchaser liable for the price, and an alteration made in the machine at the purchaser's expense does not relieve it from such liability.

2. SAME—FIXTURES.
The failure to return the article cannot be excused under the claim that it is a fixture attached to the purchaser's building, where it appears that there is nothing to prevent its removal, if unsatisfactory.

3. SAME—ACTION FOR PRICE—ALLEGATION OF PERFORMANCE.
In an action for the price of a hot-water tank manufactured and put in place by plaintiff for defendant, an allegation that defendant received and retained the tank dispenses with an allegation of performance within the time fixed by the contract, or within a reasonable time, since acceptance is a waiver of any unperformed condition.

4. SAME—PLEADING AND PROOF—VARIANCE.
Under a complaint alleging a contract for the manufacture and putting in place of a hot-water tank, proof that the contract, in addition, required the removal of an old tank, and the performance of the work within a specified time, is no variance; and no amendment is necessary where there is no claim of surprise at the trial.

5. SAME—EVIDENCE—COMPETENCY.
Evidence of the purchaser's superintendent as to the amount that had been paid for alterations of the tank is incompetent on the question of the value of such alterations.

6. SAME—OFFER TO RETURN.
An offer to return the tank does not relieve the purchaser from liability where he subsequently retained and used it.

7. SAME—DECLARATIONS OF DEFENDANT'S SERVANTS.
Statements of defendant's fireman and engineer to plaintiff's machinist, after making certain alterations, that they thought the tank all right, are admissible to show that plaintiff had omitted to do nothing that the persons in charge of the tank indicated as necessary to be done, though not as an admission binding on defendant as to the performance of the contract by plaintiff.

Appeal from city court, general term.

Action by William J. Logan and another against the Berkshire Apartment Association to recover for a tank made and delivered

by plaintiffs to defendant under a special contract. From a judgment of the general term of the city court (20 N. Y. Supp. 369) affirming a judgment of the trial term entered on a verdict in plaintiffs' favor, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Stickney, Spencer & Ordway, (Nelson S. Spencer, of counsel,) for appellant.

Lyon & Smith, (Edward P. Lyon, of counsel,) for respondents.

DALY, C. J. The plaintiffs claim to recover $235 for a tank (to be used for heating water by steam) which they made and delivered to the defendant under a special contract. The defendant at first objected to the tank for certain alleged variations from the contract, but afterwards consented to take it upon the plaintiffs' offering to make certain connections. When this additional work was done, objection was still made to the flanges furnished for the connections as unsuitable and imperfect, and defendant had new flanges made by another machinist, after which the tank was in constant use down to and at the time of the trial. Upon this state of facts the jury found for the plaintiffs, and the general term of the city court affirmed the judgment. The conceded facts show an acceptance of the tank by the defendant. Retention and use after discovery of the alleged defects made it liable to pay the price. It is contended that it makes a difference in principle that the tank was used after an alteration had been made at the defendant's expense. This alteration did not make it, as defendant seriously urges, some other tank than the one furnished by plaintiffs, which he used and has continued to use. Nor is there any more force in the contention that the tank was not a chattel in the ordinary sense, but a fixture attached to the freehold, "which could not be returned if unsatisfactory, any more than any part of a building could be returned when once built." The contention is not even plausible. An old tank was removed to make room for the new one, and, among the several small items of plaintiffs' contract, was a stipulation to take the old tank out. There was nothing to prevent the removal of the new tank if it was unsatisfactory, and this, with a notification to the plaintiffs, would have relieved the defendant. The retention and use of the tank, under the circumstances, conclude the defendant, and also dispose of the claim, urged with much persistency, that the terms of the plaintiffs' contract provided that their work was to be done to the defendant's entire satisfaction. Defendant cannot keep and use the tank, and claim to be dissatisfied.

The only important exceptions taken by the defendant, and not involved in the disposition made of the foregoing objections, will be considered in the order of their importance. At the opening of the case defendant moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, as it did not allege performance, nor any time within which the contract was to be performed, nor that it was performed

within a reasonable time. The motion was denied. The complaint alleged an agreement to make a hot-water pressure tank, and deliver the same on foundation in cellar, for the price of $235, and alleged the plaintiffs "made and delivered the tank to the defendant, when it was found that a slight alteration was required by defendant, which alteration plaintiffs made, and that defendant retained and still has possession of the tank, and refuses to pay for the same." The answer is a general denial. The general rule is that the plaintiff must allege the facts showing performance by him and the default of the defendant, and so should allege performance within the time fixed by the contract, or, if no time be fixed, performance within a reasonable time. But the complaint in this action alleged the receipt and retention of the tank by defendant after its delivery, and after it had been altered as required by defendant, and such an averment was equivalent to an allegation of acceptance, and dispenses with the usual averment of performance, as acceptance is a waiver of any unperformed conditions. The case upon which appellant relies (Pope v. Manufacturing Co., 107 N. Y. 61, 13 N. E. Rep. 592) was that of an executory contract for the sale and delivery of iron, and the complaint alleged tender of delivery and refusal to accept. It appearing that no time was fixed by the contract, the plaintiff was bound to prove delivery within a reasonable time, as this was essential to his cause of action, and whatever is essential to the cause of action must be pleaded, as well as proved; and so it was held the complaint should have averred an offer to deliver within a reasonable time. The distinction between the complaint in that case and one averring delivery and acceptance is obvious.

The plaintiffs produced in proof of the contract set up in the complaint letters containing proposals and acceptance passing between themselves and the defendant, which constitute a valid contract; but objection was made that it did not prove the contract alleged in the complaint, for the reason that the contract, as proved, for the manufacture and delivery of the tank, contained additional stipulations not set forth in the complaint, viz.: That plaintiffs were to cut apart the old tank so as to take out the old coil and put it in the new tank, to cut all holes for connections, take out the old tank, a hand-hole plate in each end, complete the job within two or three weeks, and furnish all necessary flanges, beveled for connections. As it would ordinarily be necessary for plaintiffs to prove performance of all the work before they would be entitled to recover the contract price, it was contended that they were equally bound to plead the whole contract, and could not prove it under an allegation setting forth a part only. The observation of the court below upon this point was that the plaintiffs had merely "proved the contract fuller in detail than they had alleged it in the complaint." It is not required by the Code that the proof and the pleading shall accord exactly. Allowance is expressly made for variances, if the adversary be not misled; and an examination of the many cases of variances which have been held immaterial disposes of the objection in this case. See Code, § 539, and cases cited

under it. It is only where the allegation is "unproved, not in some particular or particulars only, but in its entire scope and meaning," that there is a failure of proof. Code, § 541. Here we have an agreement for the manufacture and setting up of a specific article, with details and items of work required to put it in place of a former one, to remove the latter, and to do the work in a specified time. The complaint sets up the substantial subject-matter of the contract, and omits the details. There was no claim of surprise upon the trial, and an amendment, therefore, was not necessary, for the court might order the fact to be found according to the evidence. Sections 539, 540. The subject-matter of the contract set out in the complaint and proved on the trial were identical, and there was an omission of detail only in the pleading.

It is urged that the plaintiffs were permitted to recover as for a substantial performance, and yet that the court refused to admit testimony of the cost of the alteration of the flanges which were required before the tank could be used. It appears, however, that no competent testimony of this expense was offered. The defendant's superintendent was asked how much he paid for having the tank altered, and this was objected to as incompetent, and the objection was sustained. It was clearly incompetent. The machinist who made the alteration, or other competent witness, should have been called to show the value of the work, but there is no proof of that kind in the case.

It is claimed that the court erred in excluding evidence of conversation with one of the plaintiffs through the telephone. The evidence was excluded, because the defendant's witness could not identify the person with whom he had the conversation. Without intimating an opinion as to whether in such a case the testimony is admissible, (Printing Co. v. Stahl, 23 Mo. App. 451; Wolfe v. Railway Co., 97 Mo. 473; Haynes v. Cox, 118 Ind. 190, 20 N. E. Rep. 758; Central Union Tel. Co. v. State, [Ind. Sup.] 19 N. E. Rep. 604; Brewing Co. v. Adams, 35 Ill. App. 540; People v. Ward, 3 N. Y. Crim. Rep. 483--501; 28 Alb. Law J. 422,) it is sufficient to say that the conversation proposed to be shown was wholly immaterial. Appellant states that it was to show an offer by the defendant to return the tank, but, inasmuch as, notwithstanding any such offer, defendant ultimately concluded to retain it and use it, and has retained and used it, the offer to return does not relieve it from responsibility. For the same reason defendant was not prejudiced by the evidence of the plaintiffs as to the conversations as to the agreement of the defendant to accept the tank if certain extra work was done upon it. Such an acceptance is expressly admitted in the letters of the defendant's superintendent. It is claimed that the defendant was injured by not being permitted to give the superintendent's version of the same conversation. It is true that his testimony as to a proposition made by the plaintiffs was stricken out, but almost immediately afterwards was testified to again by him, and remains in the case.

The exceptions to the testimony of O'Neill, the plaintiffs' machinist, are of no importance. He was competent to state that

before he left the place that night he had finished connecting the coil with the tank.    His testimony that when he got through the fireman and engineer said they thought it was all right was competent to show that he omitted to do nothing which those persons in charge of the defendant's steam boiler, and who were competent judges of the necessity of the case, indicated as necessary to be done.    The evidence was not offered to bind the defendant by the assent of its servants, but was a mere statement of the facts as they occurred.    But, in view of the subsequent acceptance, retention, and use of the tank, this and the other rulings complained of do not affect plaintiffs' right to recover, nor the validity of the verdict which they have obtained.

The judgment must be affirmed, with costs.    All concur.