JOHN H. EHREHART, Respondent, v. PALMER M. WOOD, Appellant.

*Evidence as to a settlement and compromise of a claim for merchandise sold; as to a breach of the contract and the damages occasioned thereby, and as to the time of an indorsement on a bill rendered, considered and the verdict of the jury sustained.*

APPEAL by the defendant, Palmer M. Wood, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 28th day of January, 1892, after a trial at the Oneida Circuit before the court and a jury, also from an order denying the defendant's motion for a new trial, entered in said clerk's office on the 1st day of February, 1892.

Exhibit 13, referred to in the opinion, was a "bill for January, 1888," for coal, in favor of Palmer M. Wood, the defendant, and against the Herkimer Paper Company.

*Steele & Prescott*, for the appellant.

*S. M. Lindsley*, for the respondent.

PARKER, J.:

This action is brought to recover a balance due for coal sold and delivered by the plaintiff to the defendant. The answer sets up two defenses: *First.* That the parties had settled and agreed upon the balance, and that the same had been paid before the commencement of this action. *Second.* That the plaintiff had broken the contract under which the coal was purchased, and the defendant had suffered damages thereby to an amount exceeding the plaintiff's claim.

These questions of fact were submitted to the jury, and it found a verdict for the plaintiff for the full amount claimed by him. From the judgment entered upon such verdict this appeal is brought.

After a careful examination of the evidence we are not disposed

**610**     EHREHART *v.* WOOD.

to disturb this verdict. The questions were very fully and fairly submitted to the jury, and there is not such a preponderance of evidence in favor of the defendant as warrants us in setting the verdict aside on that account. (*Baird* v. *Mayor, etc., of City of N. Y.*, 96 N. Y. 567; *Roosa* v. *Smith*, 17 Hun, 138; *Fleming* v. *Smith*, 44 Barb. 554; *King* v. *N. Y., L. E. & W. R. R. Co.*, 50 N. Y. St. Repr. 103; *Beckwith* v. *N. Y. C. R. R. Co.*, 64 Barb. 300, 308.)

Nor do we find any error in the reception or rejection of evidence that warrants the granting of a new trial. The ruling most urgently complained of is the exclusion of the evidence offered by the witness Churchill as to whether the entry he made on Exhibit 13 was made at or before he settled with the defendant. The argument is that if it appeared by his evidence that such entry was on the exhibit when the plaintiff and defendant had their interview, it would discredit the plaintiff's version of that transaction. So it would, if it had appeared that the witness' settlement with defendant was before the date of the interview between plaintiff and defendant. But it nowhere appears that the witness and Wood had settled before the time when the plaintiff and Wood had such interview, and, therefore, the evidence offered appeared to be utterly immaterial. It was not equivalent to an offer to show that the indorsement was on the bill at the time of the interview between the plaintiff and the defendant. Hence, there was no error in rejecting it.

None of the other rulings complained of appear to be erroneous. We conclude, therefore, that the judgment and order appealed from should be affirmed, with costs.

MERWIN, J., concurred; HARDIN, P. J., not voting.

Judgment and order affirmed, with costs.