(10 Misc. Rep. 655.)

### HOSPITAL SUPPLY CO. v. O'NEILL.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   After refusal of the trial court to set aside a verdict, it will not be disturbed on appeal because against the weight of evidence, unless so contrary to the preponderant proof as to startle by its absurdity, or to suggest suspicion of evil influence.

2. SALE—MANUFACTURED ARTICLE—ACCEPTANCE.
   Where, by contract, acceptance of an article to be manufactured and delivered in the future is subject to approval by the vendee, if the article be in conformity to the contract as to material and workmanship, and the vendee retains and uses it, though complaining of its operation in a single particular, his verbal disapproval and formal refusal to accept is no answer to an action for the price. Acts of approval and acceptance are of more effect than words of disapproval and rejection.

(Syllabus by the Court.)

Appeal from trial term.

Action by the Hospital Supply Company against John O'Neill. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

James Dunne, for appellant.
Charles C. Nadal, for respondent.

PRYOR, J.    The action is for the purchase price of a laundry plant, manufactured and sold to the defendant under an agreement which stipulated: "All to be erected in a first-class, workmanlike manner, and the acceptance of the plant to be subject to the entire approval of George Keister, architect, and Mr. O'Neill, proprietor." The defense is that the work was neither in conformity to the contract nor approved by O'Neill. The evidence on the trial was addressed to this point.

The court denied an application for direction of a verdict in favor of the plaintiff, as well as a motion for a nonsuit, and upon a submission of the issue to the jury they returned a verdict for the plaintiff. In arriving at the verdict the jury necessarily passed upon the credibility of opposing witnesses, and upon the preponderance of conflicting evidence. A motion by the defendant to set aside the verdict was denied by the trial judge. Whether, upon the evidence, the verdict may be for the plaintiff, is a question of law for the court; whether, upon the evidence, the verdict should be for the plaintiff, is a question of fact for the jury. Still the decision of the question of fact by the jury is subject to review by the court on a motion for a new trial, but the verdict will not be set aside except upon a conviction of error in the conclusion of the jury. Nelson v. Railroad Co. (Com. Pl. N. Y.) 28 N. Y. Supp. 50, 51. A verdict for the plaintiff determines in his favor every fact of which there is evidence (Sutter v. Vanderveer, 122 N. Y. 652, 654, 25 N. E. 907), and, since there was proof of performance by plaintiff and approval by defendant, we are reduced to the inquiry whether the fact as found be against the weight of evidence. Bagley v. Bowe, 105 N. Y. 171, 11 N. E. 386. It is not enough for a solution of the question in favor of the appellant that our conclusion upon the evidence be contrary to that of the jury. We have no authority to substitute our judgment for the judgment of the jury, and to say that proof persuasive with us should have been convincing to them. If that were so, the exclusive jurisdiction of the jury over the facts would be illusory, and their verdict, instead of a finality, would be provisional on the approval of the court. In the legal sense, a verdict against the weight of evidence is a verdict so contrary to the preponderant proof as to startle by its absurdity, or to suggest the suspicion of evil influence. Unless the verdict be thus infirm in its origin, betraying either no exercise or a perverse exercise of the judgment of the jury, it is a finality beyond the power of the appellate tribunal to disturb. Morss v. Sherrill, 63 Barb. 21; Fleming v. Smith, 44 Barb. 554; Beckwith v. Railroad Co., 64 Barb. 299; Cheney v. Railroad Co., 16 Hun, 415; Dollner v. Lintz, 9 Daly, 17. Independently of the stipulation for approval, the contract to manufacture and deliver the article at a future day involved an assurance of good workmanship and of the fit-

ness of the plant for its purpose. Manufacturing Co. v. Allen, 53 N. Y. 515, 519. But, conceding to the stipulation a distinct and independent obligation, the evidence is ample to authorize the inference of its fulfillment. The uncontradicted proof shows that, after the plant was completed and put in operation, the defendant suggested alterations, which, being made by the plaintiff, the defendant resumed and continued work with the machine. Hence the implication that then the defendant was content with the plant. Again, the uncontroverted proof is that, in reply to an inquiry by the plaintiff, the defendant's representative, in running the machine, stated that it was satisfactory. Again, upon application for payment for the plant, the defendant promises to settle in a short time; said, "Call again, and I will pay the bill;" making at the time no other objection to the machine than that it cost more to launder the goods than formerly by hand. Here, beyond question, is solid ground for the inference of an approval of the machine by the defendant; and, although he gave proof of objections to its operation, we cannot say, on an estimate of the conflicting evidence, that the verdict is so unsupported as to authorize its reversal. On the contrary, we conceive it to be in accordance rather with the preponderance of proof.

Conceding, however, that the defendant did urge objections to the machine, nevertheless he continued its use from November 1st to the 15th of January; and retention and use after discovery of defects impose a liability to pay for the article. Logan v. Berkshire Apartment House, 3 Misc. Rep. 296, 297, 22 N. Y. Supp. 776. Words of disapproval yield in effect to acts of approval. Furthermore, the evidence warrants the inference of waiver of personal approval by the defendant. Upon inquiry by plaintiff's manager, November 23d, "if the plant was satisfactory, and everything all right," the defendant said, "There is Mr. Keister; he will approve or accept," or something to that effect. Again, on the 28th or 29th of November, the architect said to the defendant: "I have been called upon for a certificate. I am going to examine the machinery. Do you know of any reason why it is not all right?" To which the defendant answered, "You had better see Mrs. O'Neill." The architect saw Mrs. O'Neill, and "she made no complaint, excepting the difficulty the girls had in running the engine." Thereupon the architect issued the certificate. If, however, the work fulfilled the requisitions of the contract, refusal to accept it would be no answer to the action. Doll v. Noble, 116 N. Y. 230, 22 N. E. 406; Boiler Co. v. Garden, 101 N. Y. 387, 4 N. E. 749. That the work was well done, in accordance with the contract, is the clear conclusion from the evidence. Indeed, the only defect in the machine of which the defendant complained is that it wears the linen; but upon the uncontradicted evidence all machinery wears linen worse than washing by hand, and no proof was given that this machine was more destructive than others. In any event, actual acceptance prevails against a verbal rejection. We are not unmindful of the evidence adduced by defendant in answer to the case against him, nor do we deny the force of that evidence. We are passing upon

the comparative cogency of the competing proofs; and our conclusion is that the preponderance, if any, in favor of the defendant, is not such as authorizes us, in accordance with legal principle, to disturb the verdict of the jury.

The appellant impeaches the judgment for error in denying requests to charge, but we discover none. Clearly, mere refusal by the defendant to approve the plant is ineffectual to absolve him from payment. The fifth request is vicious, in assuming facts which the jury were to determine. So as to the seventh request, the inference to be drawn from the retention and use of the apparatus by the defendant, if not deduced by the law in favor of the plaintiff, was at least a question for the jury. The eighth request was inadmissible, because it proceeded on a partial view of the proof,—omitting reference to the effect of an acceptance of the work,—and because, however consonant with adjudications in other states, it is not the law in this jurisdiction. Boiler Co. v. Garden, 101 N. Y. 388, 4 N. E. 749. Another and a conclusive answer to the request is that the proposition it embodies had already been put to the jury in the charge of the learned judge "that the case turns upon the question whether or not the defendant has unreasonably and in bad faith withheld his approval of the work." The ninth request postulates proof of an unusual removal of lint, whereas no evidence authorizes the inference that the machine, in this effect, differed from others. Moreover, whether defendant's refusal to approve was reasonable was an inference to be drawn from all the facts, not from a single circumstance. An error in the charge is also alleged, but it is in the very language of the court of appeals. At all events, in connection with the portion of the charge quoted above, it states the rule of law correctly. Judgment affirmed, with costs. All concur.