# Richmond.

## ALLEN S. BROWN v. COMMONWEALTH.

### March 17, 1927.

1. INTOXICATING LIQUORS—*Manufacturing Distilled Liquor—Evidence Sufficient to Support Verdict.*—The instant case was a prosecution for manufacturing distilled ardent spirits. The sheriff of the county having information of the operation of a still, which he verified by a search and discovery, went with two others to watch the culprits. They saw the accused cutting wood and carrying it to the still, which was then in operation. There were four men there. All four ran when they were discovered, and only one was then arrested. Accused escaped but was captured in the vicinity a few hours later. All three of those who were watching the still testified that they recognized the accused when he ran away. All of this was contradicted by accused except the fact and place of his arrest.

   *Held:* That the evidence supported the verdict of guilty.

2. INTOXICATING LIQUORS—*Reputation of Accused as a Violator of the Prohibition Law—Reputation Eight Years Previous.*—In the instant case, a prosecution for violation of the prohibition act, evidence of the reputation of accused as a violator of the liquor laws was admitted. It was objected that this evidence was inadmissible because too remote in time, as it related to transactions seven or eight years prior to the instant case.

   *Held:* That this objection could only be held to affect the weight of the evidence, and that its admissibility rested in the sound discretion of the trial court.

3. PRESUMPTIONS AND BURDEN OF PROOF—*Status.*—A status once established is generally presumed to continue unchanged until the contrary is shown.

4. WITNESS—*Impeachment—Time of Evidence as to Character.*—On principle, evidence of prior character at any time may be admitted, as being relevant to show present character, and, therefore, indirectly, to show the probability as to truth-speaking. The only limitation to be applied would be that applicable to all use of a former condition to show a present one, i. e., that the character must not be so distant in time as to be void of real probative value in showing present character; this limitation to be applied in the discretion of the trial court.

Error to a judgment of the Circuit Court of Charles City county.

*Affirmed.*

The opinion states the case.

*J. Thomas Newsome* and *W. R. Walker*, for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The accused has been convicted of manufacturing distilled ardent spirits, and sentenced to inprisonment for one year.

He assigns as error that the court overruled his motion to set aside the verdict upon the ground that it was contrary to the law and the evidence.

That the evidence relied on by the prosecution is sufficient to support the verdict is manifest from this summary of it: The sheriff of the county having information of the operation of a still, which he verified by a search and discovery, went with two others to watch for the culprits. They saw the accused cutting wood and carrying it to the still, which was then in operation. There were four men there. All four ran when they were discovered, and only one was then arrested. The accused, who because of an intervening wire fence escaped and ran into the marsh, was captured in the vicinity a few hours later. All three of those who were watching the still testified that they recognized the accused when he ran away.

All of this except the fact and place of his arrest was contradicted by Brown, the accused.

[1] So that the evidence for the prosecution supports the verdict and concludes the case unless the admission of the evidence of another witness, to the effect that the accused had a general reputation as a violator of the prohibition law, when he had dealings with him in 1917 and 1918, constitutes reversible error.

[2, 3] The offense here alleged occurred in October, 1925, and the claim is that this evidence is inadmissible because too remote in time. We agree that it may have been of little significance, and that it might have been rejected as too remote. It is certainly true, however, that a status once established is generally presumed to continue unchanged until the contrary is shown. It follows that this objection can only be held to affect the weight of the evidence, and that its admissibility rested in the sound judicial discretion of the trial court.

[4] Mr. Wigmore, in discussing "Testimonial Impeachment," thus expresses the true rule: "On principle, the correct solution seems to be that prior character at any time may be admitted, as being relevant to show present character, and, therefore, indirectly, to show the probability as to truth-speaking. The only limitation to be applied would be that applicable to all use of a former condition to show a present one, i. e., that the character must not be so distant in time as to be void of real probative value in showing present character; this limitation to be applied in the discretion of the trial court." 2 Wigmore on Evidence (2d ed.) section 928. *People* v. *Abbot*, 19 Wend. (N. Y.) 200; *Norwood & B. Co.* v. *Andrews*, 71 Miss. 641, 16 So. 262; *Sleeper* v. *Van Middlesworth*, 4 Denio (N. Y.) 431; *State* v. *Lanier*, 79 N. C. 622.

*Affirmed.*